JOSEPH SIEGEL *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 23, 1906—Rehearing denied Dec. 6, 1906.*

SPECIAL ASSESSMENTS—*patented pavement cannot be laid by a special assessment.* Under section 74 of the Local Improvement act, which contemplates competitive bidding, a municipal corporation can not prescribe in the ordinance for a special assessment improvement the use of a patented article or material which can be obtained from only one person, firm or corporation, even though the latter agrees to furnish the same to any bidder on the contract at a fixed price.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, for appellants:

The ordinance tends to create and foster a monopoly. *McChesney* v. *Chicago,* 213 Ill. 594; *Fishburn* v. *Chicago,* 171 id. 338; *Adams* v. *Brenan,* 177 id. 202; *Inter-Ocean* v. *Associated Press,* 184 id. 438; *Givins* v. *People,* 194 id. 150; *Gage* v. *Chicago,* 207 id. 56.

The ordinance is contrary to public policy and is void. *People* v. *Gas Trust Co.* 130 Ill. 263; Local Improvement act, secs. 74, 80; *People* v. *VanNort,* 65 Barb. 331.

No competitive bidding can be had under the ordinance, and it is therefore void. Local Improvement act, sec. 74; *Worthington* v. *Boston,* 152 U. S. 695; *Zottman* v. *San-Francisco,* 81 Am. Dec. 96; *Whitney* v. *Hudson,* 69 Mich.

189; *McDonald* v. *New York,* 23 Am. Rep. 144; *Lancaster* v. *Miller,* 58 Ohio St. 558; *Addis* v. *Pittsburgh,* 85 Pa. St. 379; *People* v. *Gleason,* 121 N. Y. 631; *Chicago* v. *Rumpff,* 45 Ill. 90; *Adams* v. *Brenan,* 177 id. 194; *Holden* v. *Alton,* 179 id. 318; *Atlanta* v. *Stein,* 111 Ga. 789; *Marshall* v. *Nashville,* 109 Tenn. 495; *Fiske* v. *People,* 188 Ill. 206.

The wearing surface of the proposed pavement is controlled by a monopoly and prohibits competition. *Paving Co.* v. *Painter,* 35 Cal. 699; *Dean* v. *Charlton,* 23 Wis. 590; *Burgess* v. *Jefferson,* 21 La. Ann. 146; *Paving Co.* v. *Gogreve,* 41 id. 251; *State* v. *Elizabeth,* 35 N. J. L. 351; *Monaghan* v. *Indianapolis,* 76 N. E. Rep. 424.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, NATHAN G. MOORE, and WILLIAM M. PINDELL, of counsel,) for appellee:

The improvement specified, only a part of which is covered by patents, is nevertheless subject to competition in bidding, as a presumption of law, from the nature and purpose of patents, on the assumption that every patent right or privilege is accessible in the market. If it were claimed in this case that the contrary was true it should have been shown. *Rhodes* v. *Board,* 10 Colo. App. 99; *Knowles* v. *New York,* 109 N. Y. 189.

The patented product specified in the ordinance is offered, in writing, on equal terms to all bidders, and all the rest of the materials are subject to purchase in the open market. Under these circumstances the aggregate improvement is subject to competition in bidding, within the meaning of the statute. *Hastings* v. *Columbus,* 42 Ohio St. 585; *Knowles* v. *New York,* 109 N. Y. 189; *Kilverton* v. *Superior,* 83 Wis. 222.

The statute providing for competitive bidding was only intended to cover those cases in which competitive bidding was possible and practicable. *Hobart* v. *Detroit,* 17 Mich.

245; *In re Dugro,* 50 N. Y. 513; *Mayor* v. *Bonnel,* 57
N. J. L. 424; *Paving Co.* v. *Hunt,* 100 Mo. 22; *Verdin* v.
*St. Louis,* 131 Mo. 26.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the
court:

This was an application by the city of Chicago, to the
county court of Cook county, for the confirmation of a spe-
cial assessment levied to defray the cost of grading and pav-
ing Woodlawn avenue, in the city of Chicago, from Sixtieth
street to Sixty-seventh street; adjusting sewers, catch-basins
and man-holes; constructing new catch-basins, and construct-
ing a concrete combined curb and gutter. Appellants, who
are owners of property which was assessed for the improve-
ment, filed numerous objections, all of which were overruled,
and a judgment was entered by the court confirming the as-
sessment. This appeal is prosecuted from that judgment of
confirmation.

The ordinance under which the improvement is sought
to be made, after specifying the manner in which the com-
bined curb and gutter and the concrete base for the pavement
shall be constructed, provides that upon this concrete base
shall be laid "the bitulithic wearing surface, made under
patents and processes owned by the Warren Brothers Com-
pany, and commercially known and designated as 'Warren's
Bitulithic Pavement,' composed of carefully selected, sound,
hard, crushed stone, mixed with bitumen and laid as here-
inafter specified." Then follow the specifications in regard
to the composition and mixture of the ingredients which con-
stitute said bitulithic wearing surface and the manner of plac-
ing it upon the concrete base. This base is to be composed
of six inches of Portland cement concrete, and the bitulithic
wearing surface, which is to be placed thereon, is required
to be two inches in thickness. The engineer of the board of
local improvements estimated the cost of the pavement, ex-

clusive of the combined curb and gutter, catch-basins, sewers and man-holes, at $2.60 per square yard.

Upon the hearing in the county court the petitioner introduced in evidence a written proposition submitted to the board of local improvements by Warren Brothers Company, the owner of the patents under which the bitulithic wearing surface is prepared and laid, in which said company offered to furnish to any contractor bidding on work in which Warren's bitulithic pavement shall be used, the material ready to be placed upon the concrete base of the pavement and to furnish an expert to give instructions as to the building of such pavement, at the rate of $1.40 per square yard of finished pavement.

The validity of the ordinance is attacked on the ground that by providing for the use of the patented wearing surface it prevents or restricts competition in bidding for the construction of the improvement. This objection to the ordinance is based upon the following provisions of section 74 of our Local Improvement act (which is sec. 580, chap. 24, Hurd's R. S. 1905) : "All contracts for the making of any public improvement, to be paid wholly or in part by special assessment or special tax, and any work or other public improvements, when the expense thereof shall exceed five hundred dollars ($500), shall be let to the lowest responsible bidder in the manner herein prescribed, such contracts to be approved by the president of the board of local improvements." Section 76 of the same act (being sec. 582, chap. 24, *supra*,) requires notice to be given, by publication in a newspaper, or by posting if there be no newspaper published in the municipality, that bids will be received for the construction of the improvement up to a specified time, and subsequent sections particularly specify the manner of awarding the contract to the lowest responsible bidder in case any of the bids shall be accepted.

It is evident that section 74, *supra*, contemplates competition in the letting of contracts for the construction of public

improvements by special assessment, otherwise the provision requiring such contracts to be awarded to the lowest responsible bidder would be nugatory.

The ordinance under which the improvement is sought to be made recites that the patents under which the bitulithic wearing surface is made are owned by the Warren Brothers Company. The presumption therefore obtains, and the record otherwise indicates, that such company alone has the right to prepare and use, or to sell to others to be used, this particular wearing surface, or to grant to others the right to use the process under which it is prepared and laid. Hence it is apparent that the effect of the provision in the ordinance, without taking into consideration the proposal of that company to the board of local improvements, is either to prevent all persons, firms and corporations, other than the Warren Brothers Company, from bidding for the construction of the improvement, or to require the successful bidder to purchase the wearing surface from that company at such price as it may choose to fix, or to pay to such company for the privilege of using the patented process such sum as it may see fit to demand. If the successful bidder is required to purchase the wearing surface from the Warren Brothers Company or to obtain permission from that company to use the process under which such wearing surface is made, then the Warren Brothers Company, since it has the right to say to whom it will sell the wearing surface or the right to use the patented process, necessarily has the power to determine who shall bid for the construction of the improvement, and to a large extent control the amount of the bids. A person unable to purchase such wearing surface from that company or unable to obtain permission to use the process under which it is made would not be able to construct the improvement in accordance with the provisions of the ordinance.

The direct effect of the provision of the ordinance requiring the use of the patented wearing surface, therefore, is to restrict the bidding for the construction of the improvement

to Warren Brothers Company,. or to such persons, firms or corporations as that company may choose to deal with.

It is a general rule that where a statute requires competition in the letting of contracts for the construction of public improvements or the doing of public work, any provision contained in an ordinance therefor which tends to prevent or restrict competition among persons who may desire to become bidders is in contravention of such statute and therefore illegal.

In *McChesney* v. *People,* 200 Ill. 146, it was said (p. 149) : "The contract is to be awarded to the responsible bidder offering to do the work for the lowest sum, and any provision tending to increase the cost and make the bids less favorable to the public and the property owners is against public policy, illegal and void."

In *Fishburn* v. *City of Chicago,* 171 Ill. 338, where the ordinance providing for the improvement required that asphalt obtained from Pitch Lake, in the Island of Trinidad, should be used in making the improvement, and it appeared that Pitch Lake was owned by and under the absolute control of a private corporation, the ordinance was held void because it tended to prevent competition, and it was said (p. 343) : "An ordinance making it indispensable that an article or substance in the control of but a certain person or corporation shall be used in the construction of a public work must necessarily create a monopoly in favor of such person or corporation, and also limit the persons bidding to those who may be able to make the most advantageous terms with the favored person or corporation."

Again, in *Fiske* v. *People,* 188 Ill. 206, a provision requiring the successful bidder for the construction of a public improvement to employ only members of labor unions upon the work was held to render the ordinance void because such provision restricts competition to those for whom members of labor unions will work, and may increase the cost of the work.

223—28

Appellee contends, however, that where a city council, in the exercise of its discretion, determines that the best interests of the public and the property owner require the construction of a patented pavement or one requiring the use of material prepared under a patented process, section 74, *supra,* does not apply, because the legislature could not have intended to deny to municipalities the benefit of modern inventions, which do not permit of competition, in the construction of public improvements.

Provisions similar to those found in section 74 of our Local Improvement act are in force in other States, and the question has been frequently presented in those States whether such provisions, contemplating, as they do, competition in the letting of contracts for local improvements, prohibit the construction of a patented pavement, where the power to construct the pavement in accordance with the terms of the ordinance rests in a single person, firm or corporation. This question has been decided in the affirmative in *Dean* v. *Charlton,* 23 Wis. 590, *Nicholson Paving Co.* v. *Painter,* 35 Cal. 699, *Barber Asphalt Paving Co.* v. *Gogreve,* 41 La. Ann. 251, *State* v. *City of Elizabeth,* 35 N. J. L. 351, *Monaghan* v. *City of Indianapolis,* 76 N. E. Rep. 424, and *Fineran* v. *Central Bitulithic Paving Co.* 76 S. W. Rep. 415; while the leading cases holding the contrary are *Hobart* v. *City of Detroit,* 17 Mich. 245, *Barber Asphalt Co.* v. *Hunt,* 100 Mo. 22, and *In re Dugro,* 50 N. Y. 513.

The decision in each of the adjudicated cases seems to have turned upon the construction given to the provisions of a statute similar to section 74, *supra.* In those cases sustaining the authority of the municipality to order the construction of a patented pavement the ability to construct which is possessed or controlled by one person, it is held that a contract therefor is not within the meaning or spirit of the act requiring competition, and that a construction should not be given to the statute which will prohibit the city from enjoying the benefits of modern inventions in street paving. The

cases denying the right of the municipality to require, by ordinance, the construction of some particular patented pavement possessed or controlled by one person alone, hold that the selection of such pavement by the municipality prevents or restricts competition in the awarding of the contract for the improvement, and that, inasmuch as the statute prescribes a mode to be followed in the letting of such contracts, which necessarily implies competition, any contract to which that mode cannot be beneficially applied is prohibited.

Thus, in *Nicholson Paving Co.* v. *Painter, supra,* it is said: "The power to pave is the power to contract for a pavement, and the power to contract is limited by the mode in which the contract is to be let, and no contract can be made to which that mode cannot be beneficially and in good faith applied;" and it was there held, under a statute requiring contracts to be let to the lowest bidder, that the municipality was prohibited from contracting for the construction of a patented pavement because there could be no beneficial competition as to it.

In *Barber Asphalt Paving Co.* v. *Gogreve, supra,* it is said that there can be no practical competition for a patented pavement as required by a statute providing that contracts shall be let by bids to the lowest responsible bidder.

In *State* v. *City of Elizabeth, supra,* it was decided that a statute requiring all contracts for doing work or furnishing material for any improvement under the act, to be advertised and let to the lowest bidder, contemplates the public advantage of an open, free competition in doing work and furnishing materials for all public improvements, which is inconsistent with the exclusive right to sell patented articles previously selected and alone acceptable.

A recent case upon this subject is that of *Monaghan* v. *City of Indianapolis, supra,* in which the court said: "The statute does not expressly exclude patented pavements; but if the use of a patented pavement wholly nullifies the provision for competitive bidding it is impliedly excluded. If the

patented pavement cannot be used without disregarding the provision for competitive bidding its use is as clearly prohibited as it would have been had the statute so stated. It cannot be said that this construction is importing a new term into the statute; that it reads into the statute an additional provision to the effect that a street shall not be improved with a patented pavement. Such a construction does impliedly exclude a patented article, not because it is a patent, but because of conditions necessarily created and existing under which competitive bidding could not be had. The effect of the construction that should obtain is, that these conditions cannot be permitted if they result in nullifying a positive statutory provision inserted for the protection and security of the property holder."

It is thus evident that the conclusion reached by those courts which deny the authority of a municipality to provide for the construction of a patented pavement which does not permit of competition or in which competition is restricted, results from a strict construction of that provision of the statute requiring contracts for such improvements to be let to the lowest responsible bidder, and that a contrary conclusion must be reached by a liberal construction of that statute.

It has been heretofore decided by this court that our statute on local improvements, delegating, as it does, to municipalities the power to levy special assessments to pay for public improvements, is to be strictly construed, and that where the statute provides a particular mode for the exercise of such power that mode must be pursued, and no other can be substituted for it by the officers who undertake to exercise it. *Clarke* v. *City of Chicago,* 185 Ill. 354; *Kilgallen* v. *City of Chicago,* 206 id. 557.

We are of the opinion, therefore, that a patented material which can be obtained or purchased from but one person, firm or corporation may not, in this State, be lawfully prescribed by an ordinance providing for the construction of an improvement by special assessment, not, however, because

the article is patented, but for the reason that if it is so prescribed, competition, so far as furnishing that material is concerned, must be, and is, entirely absent. It follows that the written proposition made by Warren Brothers Company is without significance. That was simply an agreement by which that company bound itself to furnish the material to any contractor bidding on this work at a fixed price. That offer does not obviate the objection that under the ordinance there could be no competition in supplying the bitulithic wearing surface.

Section 116a of chapter 24, Hurd's Revised Statutes of 1905, provides:

"All contracts for the making of any public improvement, to be paid for in whole or in part by a special assessment, and any work or other public improvement, when the expense thereof shall exceed $500, shall be let to the lowest responsible bidder, in the manner to be prescribed by ordinance—such contracts to be approved by the mayor or president of the board of trustees: *Provided, however,* any such contract may be entered into by the proper officer without advertising for bids, and without such approval, by a vote of two-thirds of all the aldermen or trustees elected."

It is contended, upon the authority of *City of Chicago* v. *Hanreddy,* 211 Ill. 24, that under this section the city council may, by a two-thirds vote, authorize the proper officer to enter into a contract for the construction of an improvement of the character under consideration without competitive bidding. As it does not appear that such action as is contemplated by the proviso above quoted was taken by the city council we deem it unnecessary to discuss the questions raised by this contention of the city.

The judgment of the county court will be reversed.

*Judgment reversed.*

Mr. JUSTICE CARTER took no part in the decision of this case.