## The Standard Paving Company et al., Appellants, v. City of Elgin et al., Appellees.

## Gen. No. 5,536.

1. INJUNCTIONS—*when lie to restrain award of contract by board of local improvements.* An injunction may properly be awarded at the instance of taxpayers directly affected to restrain a board of local improvements from arbitrarily and fraudulently letting a contract to one other than the lowest responsible bidder. *Held,* in this case, that the allegations of the bill of complaint were sufficient to authorize the granting of the relief prayed.

2. LOCAL IMPROVEMENTS—*when fraud in letting contract established.* *Held,* that the evidence in this case tended to show that the action of the board of local improvements in awarding the contract in question was arbitrary and fraudulent.

3. PARTIES—*effect of want of interest of one complainant.* The want of interest of one of the complainants in a bill of equity may be fatal to the entire suit but such lack of interest should be raised by demurrer.

WILLIS, J., dissenting.

Bill for injunction. Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the April term, 1911. Affirmed in part; reversed in part and remanded. Opinion filed May 25, 1911.

Tolman, Redfield & Sexton, DeGoy B. Ellis and Irving M. Western, for appellants.

Frank W. Joslyn, for appellee, City of Elgin; R. Waite Joslyn, of counsel.

Mr. Justice Dibell delivered the opinion of the court.

The Standard Paving Company, an Illinois corporation, authorized to make and perform contracts for local street improvements, and five taxpayers of the city of Elgin who were also owners of real estate abutting on that part of North Spring street in said city of Elgin specially assessed for the improvement thereof hereinafter mentioned, filed this bill against the city of Elgin and its mayor, city clerk and city treasurer and the McCarthy Improvement Company to restrain said city from entering into a contract for paving a part of North Spring street under an award to said McCarthy Company of the contract therefor, made by the Board of Local Improvements on September 15, 1910, and to restrain the mayor and city clerk from executing such contract on behalf of said city and to restrain the city treasurer from making any payments on account of any work done under such contract.   One ground alleged for the relief prayed for was that said contract had been awarded to the McCarthy Company at $52,500, though the Standard Company bid $47,677.06, in violation of the statute requiring such contract to be let to the lowest responsible bidder.   The bill was answered and in the answers it was alleged, among other things, that the Board of Local Improvements let said contract of the McCarthy Company in the reasonable exercise of the judgment of its members, as provided by law.   The bill charged that the contract was fraudulently awarded to the McCarthy Company, and the answer denied it.   There were allegations and counter allegations concerning the kind of material required

by the specifications, and the legality or illegality of the specifications on that subject. The ordinance enacted that the cost of making and collecting the special assessment should be paid by general taxation. There was a hearing, and at the close of the proofs of the complainants, the defendants moved to dismiss the bill for want of equity, under the proof, and that motion was sustained and the bill was dismissed for want of equity, and all the complainants prosecute this appeal, except one taxpayer who has died since the bill was filed.

It is argued that the bill does not sufficiently charge that the Board of Local Improvements arbitrarily exercised its discretion in awarding the contract to the McCarthy Company. It does charge that the Standard Company was fully equipped to construct the improvement and had had much experience in the construction of similar improvements; that it was financially responsible and a reputable contractor; that its bid was regular in every respect; that it was the lowest responsible bidder; that the members of the Board well knew that the bid of the Standard Company was the lowest regular bid of a responsible bidder, but that they refused to award the contract to the Standard Company but fraudulently awarded it to the McCarthy Company; that the award to the McCarthy Company at $52,500 imposed an excessive burden of taxation upon the individuals who were complainants and upon other property owners; that the bid of the Standard Company of $47,667.06 was a reasonable price; that the award to the McCarthy Company at $52,500 was extortion upon the owners of the property specially assessed for the improvement and was oppressive and was a fraud upon said property owners and upon the general taxpayers and was contrary to the provisions of the statute in relation to local improvements and was illegal. We consider that these al-

legations, if proven, are sufficient to authorize and require the court, at the instance of taxpayers and owners of property specially assessed to pay for the improvement, to enjoin the execution and performance of a contract for this improvement between the city and the McCarthy Company. Taxpayers and the owners of property specially assessed for the improvement have a right to that relief, if the bill is proved, even though the result should be a letting of the contract to the White Construction Company or a readvertisement for bids.

The statute is set out in our opinion in the similar case of Stubbs v. City of Aurora, 160 Ill. App. 351. We there held that a court of equity had no power to interfere with the discretion reposed by law in the Board of Local Improvements, unless fraud was shown, and also that the term "responsible bidder," in the provision requiring the contract for such an improvement to be let to the lowest responsible bidder, included not only financial responsibility, but the ability to discharge the obligations of the proposed contract in accordance with what might be expected or demanded thereunder. It is contended by appellees that fraud cannot be presumed, and that appellants introduced no evidence showing fraud, and that therefore the bill was rightfully dismissed. The vital question therefore is whether the evidence introduced by appellants made a prima facie case of fraud in the letting of the contract. The proofs showed that an ordinance was passed for the improvement of this street; that there were four bidders for the contract and that the Standard Company was the lowest, and that the McCarthy Company was not one of the bidders; that thereupon the Board of Local Improvements rejected all bids and advertised again; that there were again four bidders, of whom the Standard Company was the lowest and the McCarthy Improvement Company was

next and over $8,000 higher than the Standard Company; that the contract was then awarded to the McCarthy Company; that thereafter a taxpayer of said city filed a bill to restrain the making of a contract with the McCarthy Company for said improvement, the ground alleged being that the specifications for said improvement were so drawn as to require in the making of said improvement a patented material and thereby to exclude competitive bidding, contrary to law.    Siegel v. City of Chicago, 223 Ill. 428.    A demurrer to said bill was overruled.    Thereupon the ordinance was repealed and another ordinance was adopted, and bids for said improvement were received and three parties bid thereon, and the Standard Paving Company was the lowest bidder at $47,667.06, the White Construction Company was the next lowest bidder at $48,847.06, and the McCarthy Improvement Company was the highest bidder at $52,500, and the Board awarded the contract to the McCarthy Company.    The proof showed that the Standard Company was solvent and financially responsible, and that it had laid approximately 80,000 yards of a similar improvement during the last preceding year which had been accepted by the municipality for which the work was done, and showed an apparent compliance by the Standard Company with all the terms of the advertisement for bids.    The bid of the McCarthy Company, which was accepted, was more than ten per cent. higher than the bid of the Standard Company.    The McCarthy Company was not even the next to the lowest bidder, but was the highest bidder.

We are of opinion that, when all these proofs are considered, they tend to show a purpose on the part of the Board to favor the McCarthy Company and to let the contract to it when it was not the lowest responsible bidder.    The knowledge of the facts and circumstances which induced the Board to let this contract to the McCarthy Company, if it had any substantial rea-

sons for so doing, rests in the minds of the several members of the Board, and there is nothing to show that appellants have any knowledge thereof. The reasons were not made a matter of record by the Board. It may well be that if the allegations of the answer of the city had all been proved, it might justly have been found that the letting was not fraudulent and that equity should not interfere. But the city introduced no proof, and allegations cannot be considered unless proven. We conclude that the proof here introduced was sufficient to entitle taxpayers and owners of property specially assessed to an injunction restraining the letting of the contract to the McCarthy Company, unless the defendants produced proof showing that the action of the Board of Local Improvements in letting the contract as they did was a reasonable exercise of their judgment and their discretion.

We held indirectly in Stubbs v. City of Aurora, *supra,* that the rejected bidder could not maintain a bill in equity to restrain the letting of the contract to the successful bidder, upon the ground alone that the law requires the contract to be let to the lowest responsible bidder and that he is the lowest responsible bidder. 2 High on Injunctions, 4th Ed., sec. 1252. Therefore the Standard Company cannot maintain this bill merely because the Board of Local Improvements should have let the contract to it and did not. The bill alleged that the Standard Company deposited with the proper city officer a check for ten per cent. of the amount of its bid. The answer alleged and the proof showed that this check had been returned after the bill was filed, and the Standard Company has no equitable cause of action arising out of that check. The bill carefully separated the interests of the Standard Company and of the other complainants, and where allegations were made as to an excessive burden of taxation and extortion and oppression it was alleged to be an

injury to the complainants other than the Standard Company. The only allegation remaining in the bill alleging any equitable right to relief in the Standard Company is the charge that it had been damaged by the rejection of its bid and had no adequate remedy at law to obtain its damages. The answer denied that the Standard Company had been damaged by the rejection of its bid, and after averring the return of the check to the Standard Company the answer said that the Standard Company ''now has no interest in the subject-matter of this litigation.'' It is obvious that a defeated bidder for such an improvement cannot maintain a bill in equity to assess damages because of the rejection of his bid. Therefore if the Standard Company had been the only complainant, its bill would have been properly dismissed for want of equity. But five taxpayers and owners of property specially assessed for this improvement were also complainants We held in Stubbs v. City of Aurora, *supra,* that if a taxpayer and owner of property specially assessed for the improvement filed such a bill, but was not the real complainant, but only loaned the use of his name to the rejected bidder to enable the latter to prosecute under cover a suit in equity which it could not maintain in its own name, such a bill should be dismissed upon discovery of the collusion. In this case the individual complainants testified that they understood that they were to pay a part of the costs and that they had employed one of the solicitors in this case and had not employed and were not liable to pay another of the solicitors. Apparently these property owners are prosecuting this suit in their own names in good faith. The want of interest of one of the parties complainant in a bill in equity may be fatal to the whole suit. Story's Equity Pleading, secs. 232, 509. Such lack of interest in the suit on the part of one of several complainants should usually be raised by demurrer Story's Eq. Pl., secs. 508, 544. That author, in section 224, quotes from Lord Redes-

dale to the effect that it is sometimes doubtful until the decision of the cause what interests may be affected, and sometimes parties must be brought before the court to litigate a question who, according to the decision, have no interest and as to whom therefore, whether complainants or defendants, the bill may be finally dismissed.    The decree of the court below was correct as to the Standard Company, but the property owners and taxpayers who were complainants were entitled to have the letting of the McCarthy contract enjoined upon the proofs produced, unless the defendants produced proof showing that the McCarthy Company was the lowest responsible bidder or that the Board so determined in the reasonable exercise of its judgment and discretion upon the facts then before it.

The decree is therefore affirmed as to the Standard Paving Company, and as to the other appellants the decree is reversed and the cause remanded for further proceedings consistent with this opinion.    One-half of the costs of this court will be adjudged against the Standard Paving Company and the rest thereof against appellees, the city and the McCarthy Improvement Company.

*Affirmed in part, reversed in part and remanded.*

WILLIS, J., dissenting: I heartily concur in the conclusion of the majority of the court that the Standard Paving Company is not a proper party to this suit. But I am also of the opinion that what was done by the Board of Local Improvements under a prior ordinance, and the result of litigation instituted by one who is not a party to this suit concerning the validity of such prior ordinance, which ordinance was repealed before the ordinance here involved was adopted, has no legitimate bearing upon the issues in this case; and it is not probable that any weight was given to either the prior ordinance, or the legal proceedings had thereon, by either court or counsel on the trial below.    During the oral

argument here counsel for appellees asked counsel for appellants if he still adhered to the position that the contract had been awarded to the McCarthy Company by fraud as charged in the bill and urged in written argument; and counsel for appellants replied that appellants relied solely on the proof that the Standard Paving Company was financially responsible, the lowest bidder, and had done a large amount of paving with similar material, which had been accepted; and claimed that such proof raised the presumption that the Board of Local Improvements had acted unlawfully in awarding the contract to the McCarthy Company, a higher bidder, and cast the burden upon the Board of Local Improvements to produce evidence sufficient to overcome the presumption so raised. I am also of the opinion that the legal presumption that the Board of Local Improvements acted regularly and in the proper exercise of its official discretion, and honestly determined that the McCarthy Company was, all things considered, the lowest responsible bidder, is not overcome by the competent evidence, notwithstanding the proof shows that the Standard Paving Company's bid was less in amount    Under the authority of Stubbs v. City of Aurora, *supra,* a court of equity has no authority to interfere with the exercise of the official discretion of the Board of Local Improvements in the absence of proof of fraud, and I am of opinion that the decree should be affirmed as to all the appellants.