THE STATE, JOHN W. FERGUSON, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC.

The location of a bridge, the character of its construction and the awarding of the contract for building the same are matters which are committed to the discretion of the board of freeholders, and courts have no right to interfere with their action in these matters so long as they act honestly and within the limits of their power.

On *certiorari.*

Argued at February Term, 1897, before Justices GARRISON and GUMMERE.

For the prosecutor, *William Nelson.*

For the defendants, *De Witt C. Bolton* and *John W. Harding.*

The opinion of the court was delivered by

GUMMERE, J. An examination of the return to the writ and of the testimony submitted therewith has satisfied me that the prosecutor's case is without merit.

He seeks to have declared illegal a contract entered into by the board of freeholders of Passaic county with the firm of Keepers & Thatcher, bridge builders, for the construction of a. concrete and steel arch bridge over the Passaic river, at West street, in the city of Paterson. The propriety of building a bridge, its location, the materials of which it shall be built and to whom the contract for its construction shall be awarded are all matters which, by the statute, are left to the board. *State* v. *Freeholders of Essex,* 3 *Zab.* 214; *McKinley* v. *Freeholders of Union,* 2 *Stew. Eq.* 164. And whether the location selected by the board is an inferior one, whether the plan of construction might be improved upon, and whether parties other than those to whom the contract for constructing the bridge has been awarded would build it for less money, are matters which do not at all affect the validity of the contract unless they are of such a character as to indicate fraud or an abuse of discretion, and do not justify judicial interference. As was said by Vice Chancellor Van Fleet, in *McKinley* v. *Freeholders, supra,* "the courts have no right to interfere with the action of any of the agencies of government entrusted with power to be exercised according to their discretion, so long as they act within the limits of their power."

The grounds mentioned are the principal ones upon which the contract before us is attacked. There is nothing in the case as presented to suggest fraud on the part of the board, in their action, or an abuse of the discretion reposed in them which would justify a court in declaring the contract invalid.

The proceedings brought up by the writ in this case are affirmed, with costs.