EDWARD RYAN, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON ET AL., DEFENDANTS.

Submitted June 10, 1901—Decided July 2, 1901.

1. In awarding city contracts, where there are no arbitrary statutory regulations, a city council has a large measure of discretion. In reviewing such action the courts will only inquire into the good faith and honesty of its exercise.

2. In the absence of fraud or palpable abuse of discretion on the part of the municipal authorities in the exercise of the power granted by the legislature, the only question for judicial cognizance is whether there has been any violation of legal principles or neglect of prescribed formalities in entering into the engagement which is the subject of the controversy.
3. It is the right of a municipal body to select, and have, such quality of material for use in pavements as they, in the honest exercise of the discretion vested in them, may require.
4. The council could, under the specifications, reject any bid, and they had absolute discretion to do so if the quality of the materials proposed to be used by a bidder were not, in their opinion, under his admissions, or under the proofs, up to the standard required.

On *certiorari*.

This opinion covers four cases, bearing the same title and involving the same questions and having relation to as many streets in the city of Paterson.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *William B. Gourley*.

For the defendants, *Michael Dunn*.

The opinion of the court was delivered by

FORT, J.   The court was asked to dismiss the writ in this case on the ground of laches in applying for it.

The city council passed the resolution awarding the contract here under review May 8th, 1901, and the mayor approved and executed the contract Saturday, May 16th.   Work was commenced by the contractor Monday morning, May 27th, and the writ in this case was applied for and allowed Monday, May 27th, about three o'clock in the afternoon.   The fact of the execution of the contract by the mayor was not made public, by filing it in the comptroller's office of the city, until May 27th, the day this writ was allowed.   If laches can be said to exist in this case, it would be difficult to state a case where it did not.

The contract brought up is made by the city of Paterson

with Marley & Forbes to pave certain streets of the city with Trinidad lake asphalt. The prosecutor bid for the same work, and was the lowest bidder therefor. The city council, regardless of this fact, awarded the contract to Marley & Forbes, whose bid for the work was much higher. The specifications bid upon contain a clause that the city council may reject any or all bids.

No point is made as to the responsibility of the prosecutor or the sufficiency of the bond tendered by him as required by the contract.

There are but two grounds relied upon as reasons for the refusal to award him the contract—*first,* he has had no experience in laying asphalt pavements; *second,* he does not intend to lay the kind and quality of asphalt which the council requires and deems the best to be laid.

The first of these grounds is of little consequence. A contractor may have little personal experience for doing the work bid upon, but his ability to secure the best experts in the trade for such work may be unquestioned. The evidence in the record shows that competent men to refine, superintend and lay asphalt can be easily obtained.

The second ground is the one upon which the city council may rightly rely to sustain its action.

It appears that the city council were unanimous in rejecting the prosecutor's bid and awarding the contract to Marley & Forbes.

In awarding city contracts, where there are no arbitrary statutory regulations, a city council has a large measure of discretion. In reviewing such action the courts will only inquire into the good faith and honesty of its exercise. If it appears that the action of the city authorities was taken in an honest belief that to award the contract as they did was for the best interests of the public, it will not be disturbed, even though the court, on a review of the same facts, may think that another conclusion would have been justified. The law places the obligation upon the municipal authorities, and not upon the court, and where there are facts which show their action to be consistent with an honest judgment the

court should not interfere. *Van Riper* v. *Jersey City, 29 Vroom* 262, 268; *Findley* v. *City of Pittsburg, 82 Pa. St.* 351; *Ferguson* v. *Passaic, 31 Vroom* 404.

In Oakley *v.* Atlantic City, Mr. Justice Lippincott stated the rule in this wise: "In the absence of fraud or palpable abuse of discretion on the part of the municipal authorities in the exercise of the power granted by the legislature, the only question for judicial cognizance is. whether there has been any violation of legal principles or neglect of prescribed formalities in entering into the engagement which is the subject of the controversy."

The expert testimony in the record makes it quite clear that land asphalt will not, without the greatest care and the most skillful refining and handling, produce satisfactory results. The material which the prosecutor intends to use is undoubtedly known as land asphalt. There was no pretence at any of the hearings, either before the committee, the city council or this court, that the asphalt which would be used by the prosecutor, if he were given the contract, would not be land asphalt, or that Trinidad pitch lake asphalt would be used.

The specifications upon which the prosecutor bid contained this clause: "The pavement of the Trinidad pitch lake asphalt will be considered as the standard pavement." The council could, under the specifications, reject any bid, and they had an absolute discretion to so do if the quality of materials purposed to be used by a bidder were not, in their opinion, under his admissions or under the proofs, up to the standard required.

The prosecutor does not now claim that, if given the opportunity, he can prove to the satisfaction of the city council that the material he intends ,to use will be, or will be equal to, Trinidad pitch lake asphalt.

The testimony of J. W. Howard, the prosecutor's expert, would justify the city council in refusing the contract to the prosecutor. In speaking of the two kinds of asphalt and their merits as paving material, he says:

"*Q.* What do you know about laying this so-called land asphalt in cities?

"*A.* It has been laid in a great many cities; it has failed several times and it has succeeded several times, according as it was properly refined or treated or not and properly mixed with other ingredients.

"*Q.* Do you know of the failure of the so-called lake asphalt in the way of pavement?

"*A.* Pavements of which lake asphalt was a part of the asphaltic cement have generally succeeded, but at the cost of much laying, many trials, many experiments and many failures.

"*Q.* What do you know about the present system of laying of asphalt pavements?

"*A.* Lake asphalt, being in the hands of long-experienced men and companies, produces, practically, constant and fixed results to-day."

The proofs before the court show that land asphalt may, possibly, with great care, be laid so as to be good, while lake asphalt is now so well understood, by long use, as to be certainly safe. A city council will not be required by the court to speculate with an uncertain material, even if it costs less, especially when it appears that from another quality of similar material they are assured of a pavement of the quality and standard required. No one can read the testimony of the experts, of both the prosecutor and city in this case, and reach any other conclusion than that the Trinidad pitch lake asphalt gives assurance, where land asphalt only holds out a possibility, of a pavement of the quality and character required by the specifications upon which the bids were made in this case.

The Court of Errors has settled the question of the right of a municipal body to select and have such quality of material for use in pavements as they, in the honest exercise of the discretion vested in them, may require. *Newark* v. *Bonnell,* 28 *Vroom* 424.

There is nothing in the record to justify the finding that the action of the mayor and city council of Paterson, in this case, was not taken in good faith and upon the exercise of an honest judgment, with all necessary facts before them.

The writ will be dismissed.