(No. 12419.—Judgment affirmed.)

THE CITY OF ROCKFORD, Appellant, *vs.* C. C. ARMOUR *et al.* Appellees.

*Opinion filed December 17, 1919.*

1. SPECIAL ASSESSMENTS—*when ordinance providing alternative methods of improvement is void.* An ordinance which provides three alternative specifications for an improvement, each, of which calls for an entirely different improvement from the others, is void because it does not sufficiently describe the improvement, as required by section 8 of the Local Improvement act.

2. SAME—*when an ordinance is void as restricting competition.* Under section 74 of the Local Improvement act, an ordinance which provides for the use of a patented pavement material is void because it prevents competitive bidding.

3. SAME—*the act of 1919, permitting use of patented articles in street improvements, is not retroactive or curative.* The act of 1919, permitting the use of patented articles for constructing and maintaining roads and streets, is not retroactive or curative so as to validate a previously enacted ordinance.

APPEAL from the County Court of Winnebago county; the Hon. LOUIS M. RECKHOW, Judge, presiding.

D. D. MADDEN, E. D. SHURTLEFF, and H. S. HICKS, for appellant.

A. PHILIP SMITH, for appellees Emily Graham and J. H. Groneman.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

By this appeal it is sought to reverse a judgment of the county court of Winnebago county denying confirmation of a special assessment for paving North Court street, in the

city of Rockford. By sections 2 and 3 of the ordinance alternative specifications are provided. These two sections read as follows:

"Sec. 2. That said improvement be made in accordance with plans, specifications and maps hereto attached and hereby made a portion of this ordinance.

"Sec. 3. That said improvement shall be constructed in accordance with method 'A,' method 'B' or method 'C,' as set forth in said specifications, and as may be determined by the board of local improvements after bids have been received thereon as provided by law."

The specifications are, in substance, as follows:

Method "A"—Base of five inches of concrete, upon which shall be placed a sand cushion of one and one-half inches. Upon the sand cushion shall be placed standard paving bricks, joints to be filled with asphalt filler.

Method "B"—Base of five inches of concrete. On the concrete foundation shall be laid Warren Bros. Company's bitulithic wearing surface so as to have a thickness of two inches after compression. The Warren Bros. Company's pavement is patented, and the patents are owned and controlled solely by the Warren Bros. Company, of Boston, Massachusetts.

Method "C"—Contractor to reduce the present macadam street by scarifying and filling with stone where necessary, so that the sub-grade will be two inches below the finished grade of the street. On the foundation so prepared shall be laid Warren Bros. Company's bitulithic wearing surface and seal coat, two inches thick after compression.

Appellees contend that the ordinance is void because it does not prescribe the nature, character and description of the improvement, as required by section 8 of the Local Improvement act. (Hurd's Stat. 1917, p. 489.) It will be noted that each of the three methods prescribed by the ordinance calls for an entirely different improvement, and there-

fore the county court properly sustained appellees' objection to the confirmation of the special assessment.

Appellees further contend that the ordinance is void for the reason that it provided for a patented pavement and therefore restricted competition. The decisions of this court in *Siegel* v. *City of Chicago,* 223 Ill. 428, and *Village of Rossville* v. *Smith,* 256 id. 302, are decisive of this question. The court properly held this ordinance void, under section 74 of the Local Improvement act, because it prevents competitive bidding.

Appellant contends that if it be held that the ordinance was subject to these objections when adopted, it has been validated by an act permitting the use of patented articles for constructing and maintaining roads and streets, which became effective July 1, 1919. (Laws of 1919, p. 884.) The act is complete in itself and provides: "That any article, material or process covered by letters patent granted by the United States government may be specified and used for constructing or maintaining any proposed public highway, road or street or section thereof whether built by the State or by any county, city, town, village, township or district: *Provided,* that said specifications are drawn so as to provide for an alternative method or methods of construction so that competition may be had between different types of materials answering the same general purpose." This act makes no reference to the Local Improvement act, and there is nothing in the act which evinces an intention of the legislature to make the act retroactive or curative. Therefore this contention of appellant cannot be sustained.

The conclusions reached by us make it unnecessary to consider other points discussed in the briefs.

The county court properly dismissed the petition, and its judgment is therefore affirmed.    *Judgment affirmed.*