ROGERS, J.
 

 This case involves the paving of Fetzer avenue in the city of Shreveport. The issues presented are almost identical with those determined by this court between the same parties in McCutchen v. City of Shreveport, 102 So. 875, 157 La. 699. After the decision in that .case, another petition signed by more than 60 per cent, of the owners of property fronting on Fetzer avenue was filed with the city council, asking for the pavement of said street with Warrenite-Bitulithic pavement. Prior to the prescriptive period of 30 days provided by Act 115 of 1922, the attorney for plaintiff filed a formal objection to the petition. This objection was disregarded, and the city council adopted an ordinance authorizing the secretary-treasurer of the municipality to advertise for bids for the paving of sáid street. Plaintiff, as a property owner on Fetzer avenue, and as a general taxpayer, thereupon applied for another injunction, alleging, substantially, that full and free competition had not been offered ; that the property owners had requested that said street be paved with Warrenite-Bitulithic pavement only; and that, instead of providing for such pavement, the city engineer had changed the specifications governing such pavement, and that, although the property owners would' be required to pay a royalty of 25 cents per square yard for the use of the same, the said engineer had, nevertheless, attempted to evade the decision of this court, and to apparently provide for a Warrenite-Bitulithic pavement, which would be, in fact, not a Warrenite-Bitulithic pavement.
 

 Defendant in its answer admits that plaintiff is a property owner on Fetzer avenue; that he is a general taxpayer; that the abutting property owners on the avenue petitioned for the paving thereof; that the notice of the filing of their petition was published; that
 
 *989
 
 it adopted an ordinance authorizing the advertisement for bids; that the Warren Bros. Company filed with the city council an agreement to permit the use of its pavement upon the payment to it of a royalty of 25 cents per square yard; that Warren Bros. Company claim to own certain patent rights; and that it has copyrighted specifications. Defendant denied the other matters set out in plaintiff’s petition, except those upon which it was not informed. It also filed a plea of prescription, averring that plaintiff’s action was barred by the lapse of 30 days under the provisions of Act 115 of 1922.
 

 There was judgment rejecting plaintiff’s demand, and he appealed.
 

 Counsel for the defendant have earnestly requested us to reconsider our decision in the former case on the nature and effect of the prescriptive period of 30 days, as provided by Act 115 of 1922. They contend here, as they did in the other case, that the object of the statute is to compel the property owner to go into court and declare the reasons for his objection within 30 days from the notice referred to in the act of the Legislature, or forever thereafter to hold his peace. We have given due consideration to the able argument presented by counsel for the defendant in support of their contention. Nevertheless, we prefer to adhere to the views which we expressed in our former opinion as being the correct interpretation of the statute. We think now, as we did then, that the “contesting” required by the legislative act has no relation to the institution of a suit, but refers only to protests before a city council by a dissatisfied property owner against the validity and sufficiency of the petition requesting the paving to be ordered. Under this ruling defendant’s plea of prescription must be overruled.
 

 On the merits, our conclusion is that the case is with the plaintiff. In the prior suit between the parties we set aside the ordinance of the city council mainly on the ground that neither the license agreement filed with the city, nor the specifications adopted by the council, fixed any stated price at which any independent contractor might obtain bitulithic cement from Warren Bros. Company; bitulithic cement being a proprietary article, and constituting one of the essential ingredients in Warrenite-Bitulithic pavement..
 

 We find . the same conditions prevailing in the present suit. The license agreement filed by the Warren Bros. Company with the city of Shreveport on March 17, 1925, which was subsequent to the refusal of a rehearing in the prior case, while differently worded, is in substance the same as the license agreement we had under consideration in that case. There is no provision in the present agreement which specifies the price at which the company will furnish bitulithic cement to an independent contractor. The only dissimilarity'between the two cases is that in the one now before us the city engineer, in preparing the specifications for the paving of the street, substituted asphaltic for bitulithic cement.
 

 Warrenite-Bitulithic pavement is well known to contractors engaged in street paving work throughout the country. The specifications for the composition and laying of the pavement are set forth in a pamphlet issued by Warren Bros. Company, and generally known as the “green form” (erroneously styled the “blue form” in our former opinion) “W-B-I-C,” and bearing the caption: “Specifications for Warrenite-Bitulithic pavement (patented).” The specifications are copyrighted, and at the end of the pamphlet appears the following footnote:
 

 “N. B.—The foregoing specifications are copyrighted. City and other engineers and municipal officials are given free right to copy the specifications, provided they are not modified as to sections ‘wearing surface’ (requiring ‘bitulithic’ cement) and ‘laying’ without the express permission of Warren Bros. Company.”
 

 
 *991
 
 The owner of the copyright has not consented to any modification of the specifications. Therefore the substitution by the city engineer of asphaltic cement for bitulithic cement was wholly unauthorized. The owners of property abutting Fetzer avenue selected Warrenite-Bitulithie pavement for that street, and they are entitled to receive that particular kind of pavement; and this is so even if there be no material difference between the component parts of asphaltic cement and bitulithic cement. Something else as good, or even better, cannot be substituted for the cement called for by the copyrighted specifications. Saxon v. City of New Orleans, 50 So. 663, 124 La. 717.
 

 There was only one bidder for the contract—the Southern Roads Company, said to be a subsidiary of the Warren Bros. Company. This fact, on its face, shows that other contractors did not consider the contract was open to fair and free competition; otherwise there would certainly have been more than one bidder for such a large and valuable piece of work. It might well have happened that, if the “green form” specifications, generally known as covering Warrenite-Bitulithie pavement, were to be used, independent contractors were deterred from bidding because they knew the impossibility of purchasing bitulithic cement in the open market. On the other hand,- they may have refrained from bidding if bitulithic cement was not to be used, because they considered that the pavement to be laid, in that case, would not constitute Warrenite-Bitulithie pavement which had been petitioned for by the property owners and advertised for in the official journal.
 

 In the circumstances of this case, we are of the opinion that the ordinance of the city council should be annulled, and the city of Shreveport should be prohibited from awarding the contract for the pavement of Fetzer avenue to the Southern Roads Company under the petition of the property holders and the advertisement for bids as described in plaintiff’s petition.
 

 If the property holders are still desirous of having their street paved with Warrenite-Bitulithie, they (the Warren Bros. Company) and the city authorities can obtain that result by strictly complying with the provisions of the law, and we are at a loss to understand why that course was not adopted and followed originally.
 

 For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that ordinance No. 61 of 1925 of the city of Shreveport be, and the same is hereby, annulled; that the rule nisi herein issued be made absolute; and that a writ of injunction be issued herein by Hon. E. P. Mills, judge of the First judicial district court, parish of Caddo, restraining and prohibiting the city of Shreveport, Hon. L. E. Thomas, mayor, and the commissioners of said city from proceeding to award any contract for the paving of Fetzer avenue under the petition of the property owners and under the advertisements and bids therefor as described and set forth in plaintiff’s petition herein. Defendant to pay the costs of these proceedings.