AMERICAN LA FRANCE AND FOAMITE CORPORATION and Another, Plaintiffs, *v.* THE CITY OF NEW YORK and Others, Defendants.

Supreme Court, New York County, June 18, 1935.

*Timen & Percy* [*Lawrence S. Timen, Nathan E. Percy* and *Anthony K. Miller* of counsel], for the plaintiff.

*Paul Windels* [*Nelson Rosenbaum, Assistant Corporation Counsel,* of counsel], for the defendants.

HOFSTADTER, J. This is a taxpayer's action brought under section 51 of the General Municipal Law to restrain the defendants from awarding contracts for the purchase by the city of New York of certain fire apparatus. The complaint alleges illegality and waste and asserts that the specifications in the proposal to bid limit competition unfairly, are arbitrary and unreasonable, and call for antiquated and obsolete apparatus. The complaint was dismissed as against the corporate plaintiff (N. Y. L. J. April 30, 1935, per Mr. Justice MILLER).

It is clear that the specifications were prepared with the apparatus of two manufacturers, namely, The Seagrave Corporation and Ahrens Fox Engine Company, in view as patterns; and unessential details of design and construction are included in such manner and to such extent that these specifications are calculated to preclude any other companies from bidding at a competitive price. I need not concern myself with whether or not the officials of the fire department willfully intended to limit the bidding unfairly; indeed, neither that issue nor any other issue of fraud and misfeasance is tendered by the pleadings or suggested in the proof. But it is sufficient to invalidate the bids if the specifications do in fact produce that result.

The defendants do not substantially resist the charge that the bids were in effect limited to the products of the corporations named, to the exclusion of all others; but seek to justify this limitation by asserting that in the studied judgment of the responsible officials of the city the particular type of apparatus called for represents the most efficient, modern and best adapted apparatus for combating the fire hazards obtaining in this city. It appears from the evidence that competent engineers might reasonably differ as to the relative merits of the disputed items in the specifications. Under such circumstances the plaintiff does not establish his contention that the specifications require the

furnishing of obsolete and antiquated apparatus; but by the same token, the defendants have not established that the apparatus, as specified, alone will accomplish the performance requirements in the most efficient and economical manner, and fail, therefore, to justify the necessarily conceded limitation of competition.

It is implicit in section 419 of the city charter that the specifications be drawn so as to invite free and open competition. (*Matter of McNutt Co.* v. *Eckert*, 257 N. Y. 100; Dillon Mun. Corp. [5th ed.] § 807.) " All persons or corporations having the ability to furnish the supplies or materials needed, or to perform the work to be done, should be allowed to compete freely without any unreasonable restrictions." (McQuillin Mun. Corp. [2d ed.] § 1301.) While the court may not substitute its judgment for that of the responsible officials charged by law to act, in the absence of fraud, corruption or bad faith (*Talcott* v. *City of Buffalo*, 125 N. Y. 280; *Ziegler* v. *Chapin*, 126 id. 342; cf. *Brockway Motor Truck Corp.* v. *City of New York*, 145 Misc. 693, 698), where there is no clear showing that the particular product specified is so far superior as to require its exclusive use in order to meet performance requirements desired, the agents of the city are not justified in, and will be enjoined from, restricting bids to that product in exclusion of all others. (See *Warren Brothers Co.* v. *City of New York*, 190 N. Y. 297, 309.) For in these circumstances the intentional arrangement of specifications so as to shut out competitive bidding, whatever the motives may have been, renders that act illegal. (*Matter of McNutt* v. *Eckert, supra*, at p. 807.)

It is true that mere illegality is not enough to justify injunctive relief at the request of a taxpayer where waste or injury is not involved. (*Western New York Water Co.* v. *City of Buffalo*, 242 N. Y. 202, 206.) It must further appear that " the threatened act is such as to imperil the public interests, or calculated to work public injury or produce some public mischief." (*Altschul* v. *Ludwig*, 216 N. Y. 459, 467.) But " where a statute requires purchases to be made by competitive bidding, the fact that such bidding is prevented is in itself presumptive evidence of injury to the taxpayers." (*Grace* v. *Forbes*, 64 Misc. 130, 139.) In this view, actual waste or injury to the municipal corporation need not be shown but may be presumed. " Public injury and mischief " has a broader concept than mere loss to the municipality in dollars and cents. (*Altschul* v. *Ludwig, supra; Hathaway* v. *City of Oneonta*, 148 Misc. 695; *Blanshard* v. *City of New York*, 141 id. 609, 612.)

Bearing in mind the unusual fire hazards which of necessity are ever present in a city as populous and crowded as ours, its

citizens are entitled to not only the best fire-fighting apparatus available, but also to the peace of mind arising from the confident assurance that every expedient — secured only through the agency of free and open competition — has been resorted to for the purpose of securing the most effective devices which engineering science can fashion.

I have not overlooked the case of *Hopkins* v. *Hanna* (135 Misc. 750), but the record here *does* establish that the specifications were drawn in such a manner as to exclude any other manufacturer than the Seagrave Corporation and Ahrens Fox Engine Company from furnishing *standard* manufacture for this contract. The contention of the defendants that as no patented devices are specified any manufacturer could comply with the requirements is without merit, for as a practical matter the increased cost involved in such manufacture would prohibit the submission of a successful bid; and by indirection competition is just as effectively restricted.

It is significant that the commissioner of purchases, although under no legal restraint, has not seen fit to accept any of the bids submitted. Whatever his reason may be, it is a necessary inference from his testimony that he does not choose to do so. Nor has the board of standardization of which he is a member adopted or approved the specifications in question. Under these circumstances, I conceive that the best interests of the citizens of this city require a re-examination of the subject and the preparation of new specifications which will meet the approval of both agencies of the city required by law to act in order to effectuate the contract of purchase.

I do not imply, even remotely, that the good faith or competence of the city officials responsible for the specifications brought in issue here is in any wise to be impugned; but I am clear that the city and its citizens will be best served by the adoption of the course indicated.

The plaintiff may have his injunction. Findings passed upon. Submit decision accordingly on one day's notice.