[No. 26460. Department Two. October 21, 1937.]

A. CLAIRE SMITH, *Respondent*, v. THE CITY OF SEATTLE *et al., Appellants.*[1]

*A. C. Van Soelen* and *J. Ambler Newton,* for appellants City of Seattle *et al.*

*McMicken, Rupp & Schweppe* and *J. Gordon Gose,* for appellant B. F. Shearer Company.

*Thomas P. Revelle* and *Barker & Day,* for respondent.

ROBINSON, J.—This appeal involves the question as to whether a call for bids, limited to a patented article

[1]Reported in 72 P. (2d) 588.

or one which for some reason can only be obtained from one ultimate source, is valid, under the Seattle city charter, Art. VIII, § 14, providing:

"All public improvements to be made or supplies to be purchased by contract shall be let to the lowest bidder therefor; . . ."

In February, 1936, the city published a call for bids for the furnishing of its incandescent lamp requirements for the ensuing year. The only specifications were contained in the call and required that bids should be submitted for "true Mazda lamps only." Bids were opened on March 12th. The respondent submitted a proposal for the furnishing of "Waco" lamps. Several proposals for Mazda lamps were submitted by agents of the manufacturer, all at the same price, and the board awarded the contract to the B. F. Shearer Company, a corporation, appellant.

Respondent brought this action as a taxpayer to enjoin the performance of the contract on the theory that the Shearer contract was in violation of the charter, since respondent's bid was responsive and lower. However, at the trial, the respondent receded from the position that the bid was responsive and admitted that Waco lamps did not come within the specifications. He contended, however, that the city had no power to specify a lamp of a particular trade name to the exclusion of other lamps, and the case was tried and decided upon this theory. The respondent called non-technical witnesses, who testified that they had used Waco lamps, and that they were fully as good as the Mazda brand. There was evidence that, on a fifty thousand dollar purchase, the city would have saved about five thousand dollars by contracting with respondent.

The evidence on behalf of the appellants was to the effect that the city of Seattle had used the Mazda brand

of lamps for at least fifteen years. During that time, its experience with these lamps had been satisfactory, and the board of public works, which is the purchasing agency for the city, and the city light department, which is a user and retail distributor of lamps and advises the board of public works with respect thereto, both regard Mazda lamps as the best brand available. The light department had invited manufacturers of all brands to submit samples of their lamps for testing purposes, but no manufacturer had responded to this invitation.

The city officials, both on the board of public works and the light department, knew nothing of the quality of Waco lamps. The officials of the light department knew, from long experience in selling large quantities of lamps to the general public, that lamps of the Mazda brand are much more readily salable than lamps of any other brand, or, in other words, that Mazda lamps are more popular with the general public than any other kind. A number of the lamps purchased under the contract involved in this case were destined for resale by the light department to the general public as a part of that department's business operations.

There is some dispute in the evidence as to whether or not the patents, or some of the patents, on Mazda lamps have expired. Whether or not that is true, is of no special importance. The important fact is that, either on account of patents or some other reason, their manufacture, distribution, and sale are controlled by a single company.

There are an enormous number of decisions relating to the question presented. The general rule in force at the present time is thus stated in 3 McQuillin on Municipal Corporations (2d ed.), § 1299:

"Although the power to specify a patented article or process under laws requiring competitive bidding

is denied, as a general proposition, in a number of jurisdictions, the broad proposition that a patented article or process may be specified under the requirement of competitive bidding is generally sustained and this appears to be the better rule. Therefore, it is generally held that if all the competition is permitted of which the situation allows, a patented article or process may be specified."

The two divergent lines of authority indicated in the above quotation have become known as the Michigan and Wisconsin rules. The leading case under the restricted Wisconsin rule is *Dean v. Charlton*, 23 Wis. 590, 99 Am. Dec. 205, decided in 1869. The more liberal Michigan rule originated in *Hobart v. Detroit*, 17 Mich. 245, 97 Am. Dec. 185, a case decided in 1868, in which the opinion is by Judge Cooley.

In the case at bar, the appellants rely largely on the following cases: *Springfield v. Haydon*, 216 Ky. 483, 288 S. W. 337; *Beazley v. Kennedy*, 52 S. W. (Tenn. Ch. App.) 791; *State ex rel. Stamford v. Board of Purchase & Supplies*, 111 Conn. 147, 149 Atl. 410; *Ryan v. Paterson*, 66 N. J. L. 533, 49 Atl. 587; *Wegmann Realty Co. v. St. Louis*, 329 Mo. 972, 47 S. W. (2d) 770; *Custer v. Springfield*, 167 Mo. App. 354, 151 S. W. 759; *Verdin v. St. Louis*, 131 Mo. 26, 33 S. W. 480; 36 S. W. 52; *Eckerle v. Ferris*, 175 Okla. 107, 51 P. (2d) 766.

The respondent relies mainly on *McCutchen v. Shreveport*, 160 La. 986, 107 So. 775, *Wurdeman v. Columbus*, 100 Neb. 134, 158 N. W. 924, *Rockford v. Armour*, 290 Ill. 425, 125 N. E. 356, *Williams v. Fritz*, 255 Mass. 237, 151 N. E. 111, *American La France & Foamite Corp. v. New York*, 156 Misc. 2, 281 N. Y. Supp. 519, and *Grace v. Fobes*, 64 Misc. 130, 118 N. Y. Supp. 1062; and assert that this court has leaned toward the Wisconsin rule in *Reiter v. Chapman*, 177 Wash. 392, 31 P. (2d) 1005, 92 A. L. R. 828, and in *Moran v. Thompson*, 20 Wash. 525, 56 Pac. 29. Many

other cases could have been cited by either of the parties.

We are of the opinion that the more liberal rule is sustained by the great weight of authority, and that this court has, to all intents and purposes, already adopted it in *Great Northern R. Co. v. Leavenworth,* 81 Wash. 511, 142 Pac. 1155, Ann. Cas. 1916D, 239. We think, also, that, apart from mere weight of authority, the liberal rule is supported by the more persuasive reasons. The restricted rule would, in many cases, make it impossible for the city authorities to protect the best interests of the municipality by specifying patented materials or other articles which could only be obtained from one source, when it is clearly to the public interest to do so.

The purpose of competitive bidding statutes is to promote honesty and economy in public contracts. It is not the purpose of such statutes to deprive the city of the right to procure the best article available simply because it is held in a monopoly or is procurable only from a limited number of sources. In this age of scientific invention, courts should be averse to denying to municipalities the privilege of using modern methods and improvements.

It would seem that a previous satisfactory experience by the city, in the actual use of a particular article, is a reasonable basis for the exercise of discretion by the city authorities in favor of that article as against other similar articles of less proven quality. If the authorities, in the exercise of sound discretion, believe that a particular article, procurable from only one or a limited number of sources, is required in preference to other articles procurable from a large number of sources, the fact that there can be only a limited competition, or even no competition at all, is not a bar to calling for bids for the particular article

desired, and the discretion of public authorities will not be overruled by the courts, in the absence of a showing that that discretion was abused or fraud existed.

In this case, there is no suggestion of fraud. A great number of the lamps desired were to be resold by the municipally owned light department. By buying these lamps, together with the lamps desired for street lighting and purely city use, a better price could be obtained. There is undisputed evidence that the general public, either on account of the excellence of the article or on account of the great advertising campaign which has been carried on to promote it, prefers Mazda lamps. That being the fact, and they having proved satisfactory to the city itself for a long period of years, we cannot think that the city authorities abused their discretion in limiting the specifications.

The decree of the trial court herein referred to is reversed, and the action ordered dismissed.

STEINERT, C. J., HOLCOMB, BEALS, and GERAGHTY, JJ., concur.