JULIEN J. DURAND, Landlord, *v.* FRANCES K. LIPMAN, Individually and as Executrix, etc., of JULIUS LIPMAN, Deceased, and Others, Tenants, etc., Impleaded with T. M. C. REALTY CORPORATION, Tenant, etc.*

Municipal Court of New York, Borough of Manhattan, Second District, November 16, 1937.

*Mitc. ll, Taylor, Capron & Marsh* [*Eben E. Rand* and *Howard E. Thomas* f counsel], for the landlord.

*Sidney R. Nussenfeld,* appearing specially, for the T. M. C. Realty C poration.

EDER, J   The question presented on this motion is whether service of a precept and petition in a summary proceeding upon the Secretary o State is sufficient to give this court jurisdiction over a

* See, also, 165 Misc. 615.

domestic corporation, so that a judgment for rent arising out of such summary proceeding may be entered against it.

Section 1421 of the Civil Practice Act prescribes the manner of service of a precept and petition.

" The precept must be served as follows:

" 1. By delivering to the person to whom it is directed, or, if it is directed to a corporation, to an officer of the corporation upon whom a summons issued out of the Supreme Court in an action against the corporation might be served, a copy of the precept together with a copy of the petition." (Subd. 1 amd. by Laws of 1927, chap. 593, in effect Sept. 1, 1927.)

There has been no amendment of subdivision 1 of section 1421 since 1927. The Legislature, however, in 1934, amended the Stock Corporation Law by adding two new sections, to wit, sections 24 and 25 of such law. These sections provide as follows:

" § 24. Designation of Secretary of State as agent for service of process.

" (A) Every business corporation formed prior to the first day of January, nineteen hundred thirty-five, unless its certificate of incorporation contains the statements required by subdivisions five and eleven of section five, shall file in the Department of State a certificate of designation in its corporate name, signed and acknowledged by its president or a vice-president or a secretary or treasurer, under its corporate seal, designating the Secretary of State as its agent upon whom process in any action or proceeding against it may be served within this State, and setting forth an address to which the Secretary of State shall mail a copy of any process against the corporation which may be served upon him pursuant to law.

" (B) In case any such corporation shall have failed to file the certificate of designation prescribed by this section before the first day of January, nineteen hundred thirty-five, it shall be deemed to have designated the Secretary of State as its agent upon whom process in any action or proceeding against it may be served, and the Secretary of State shall upon that day become such agent; and until a certificate of designation shall have been filed the corporation shall be deemed to have directed the Secretary of State to mail copies of process served upon him to the corporation in care of any one of the directors named in its certificate of incorporation at his address as therein stated. When a certificate of designation has been filed by such corporation the Secretary of State shall mail copies of process thereafter served upon him to the address set forth in such certificate.

" § 25. Service of process.

" Service of process against a domestic business corporation upon the Secretary of State shall be made by personally delivering to and leaving with him or a Deputy Secretary of State duplicate copies of such process at the office of the Department of State in the city of Albany.  The Secretary of State shall forthwith send one of such copies by registered mail to the corporation at the address fixed for that purpose, as herein provided.  At the time of service the party making such service shall pay to the Secretary of State a fee of two dollars if the action is solely for the recovery of a sum of money not in excess of two hundred dollars and the process is so endorsed, and a fee of ten dollars in any other action or proceeding, which fee, in either case, shall be a taxable disbursement. If such process is served upon behalf of a county, city, town or village, or other political subdivision of the State, the amount of the fee to be paid to the Secretary of State shall be two dollars, irrespective of the amount involved or the nature of the action on account of which such service of process is made.  If the action or proceeding is instituted in a court of limited jurisdiction, service of process may be made in the manner provided in this section if the office of the defendant corporation is in the county in which such court is located." (As amd. by Laws of 1937, chap. 167.)

There is no dispute that T. M. C. Realty Corporation is a domestic business corporation and was incorporated before January 1, 1935 Therefore, either subdivision A or subdivision B of section 24 of the Stock Corporation Law is applicable to the tenant.  Each subdivision recites that the Secretary of State is the agent of such domestic corporation " upon whom process *in any action or proceeding* against it may be served."  The process by which a summary proceeding is instituted is the precept.  The last sentence of section 25 of the Stock Corporation Law: " If the action or proceeding is instituted in a court of limited jurisdiction, service of process may be made in the manner provided in this section if the office of the defendant corporation is in the county in which such court is located," applies to the proceeding herein involved.  This being a court of limited jurisdiction and the defendant being a domestic corporation in the county in which this court is located, and there being no dispute that the landlord complied with the prescribed form of service, to wit, that of serving duplicate copies of the precept and petition upon a Deputy Secretary of State, together with a fee of ten dollars, the motion to vacate the service is hereby denied.