MIDVALE PAPER BOARD CO., INC., Plaintiff, v. CUP DRAFT PAPER CORPORATION, Defendant.

City Court of New York, Special Term, New York County, March 2, 1940.

*Black, Varian & Simon,* for the plaintiff.

*Schlesinger & Krinsky,* appearing specially for the defendant.

COLEMAN, J. This is an application to vacate an order for substituted service of a summons upon a domestic corporation upon the ground that in the absence of proof that the plaintiff could not serve the Secretary of State personally the order was improper.

The order was obtained, under section 230 of the Civil Practice Act, upon the alleged ground that the plaintiff had been " unable, with due diligence, to make personal service of the summons within the State."

Section 230 makes provision for service upon a domestic corporation. This statute, antedating the Civil war, appears to have been last amended in 1913. Section 228 of the Civil Practice Act, providing for " *personal* service of the summons upon a domestic corporation " (italics supplied), in subdivision 9 (Laws of 1934, chap. 908, in effect Nov. 1, 1934), authorizes such service by delivery of the summons " to the Secretary of State when he shall have become the agent of the corporation for the service of process as provided in the Stock Corporation Law." Section 24 of the Stock Corporation Law (added by Laws of 1934, chap. 908) requires every domestic corporation to designate the Secretary of State for service of process, and provides that in the case of any corporation which shall have failed to do so " before the first day of January, nineteen hundred thirty-five, it shall be deemed to have designated the Secretary of State as its agent upon whom process in any action or proceeding against it may be served, and the Secretary of State shall upon that day become such agent."

Subdivision 9 of section 228 of the Civil Practice Act and section 24 of the Stock Corporation Law are not inconsistent with section 230 of the Civil Practice Act. Chapter 908 of the Laws of 1934 did not, either expressly or by implication, repeal the provisions of section 230 of the Civil Practice Act relating to service upon a domestic corporation, nor was repeal necessary. But, speaking practically, the applicability of section 230 to domestic corporations is suspended as long as the statutes allowing personal service upon a domestic corporation by delivery of process to the agent appointed by law, the Secretary of State, are in force. Substituted service may be resorted to only when personal service within the State is not possible. No longer can a plaintiff apply under section 230 for an order for substituted service upon a domestic corporation upon the ground that he " has been or will be unable, with due diligence, to make personal service of the summons within the State." Service upon the Secretary of State is not an alternative method of substituted

service. It is a method of personal service upon an agent of the corporation appointed by law. Every addition to the methods of personal service provided by law to that extent limits the operation of section 230. For example, by chapter 200 of the Laws of 1926 it was for the first time made possible to serve a domestic corporation by delivery of process to the vice-president, assistant secretary or assistant treasurer. Therefore, from the time chapter 200 took effect a plaintiff able to serve one of these officers could not apply for an order of substituted service under section 230.

The amendment, in mechanical details of section 231 of the Civil Practice Act, necessitated its re-enactment in 1935 (Laws of 1935, chap. 623), but section 231 is not the statute from which the authority to make substituted service is derived. Its re-enactment is not necessarily a reaffirmation of all of the provisions of section 230. In any event, as above indicated, it is not necessary to choose between mutually exclusive statutes.

If the office of the defendant corporation is in the county in which the court is located, service upon the Secretary of State will confer jurisdiction upon a court of limited jurisdiction. (Stock Corp. Law, § 25; *Durand* v. *Lipman*, 165 Misc. 1.) Hence, this court has jurisdiction of the action. Indeed, both sides, upon the argument, agreed upon this point.

The motion is granted. The order for the service of the summons and complaint upon the defendant, a domestic corporation having its principal place of business within the city and county of New York, by substituted service pursuant to section 230 and in the manner provided in section 231 of the Civil Practice Act, is vacated. Order signed.