Frank J. Kronenberg, J.
Plaintiffs, grantees in tax deeds, brought an action under article 15 of the Real Property Law to quiet title to certain premises in the town of Niagara. A default judgment was obtained against defendant Cascade Development Company, Inc., which moves to open its default and to defend.
It appears that this corporation was formed in 1926 for the purpose of dealing in real estate and acquired ownership of certain land in the town of Niagara to which it held record title until plaintiffs obtained their tax deeds in 1954.
*689 In December, 1937 the corporation was dissolved by proclamation of the Secretary of State by reason of its failure to pay franchise taxes under article 9 of the Tax Law.
Service of process in this article 15 action was made by serving the Secretary of State pursuant to sections 24 and 25 of the Stock Corporation Law. Under section 24, defendant is deemed to have designated the Secretary of State to be its agent, even though no such provision was in its certificate of incorporation. This was “ personal ” service. (Civ. Prac. Act, § 228, subd. 9; Midvale Paper Bd. Co. v. Cup Draft Paper Corp., 173 Misc. 786.)
Accordingly, section 217 of the Civil Practice Act, relating to opening a default after substituted service, has no relevance here.
Defendant contends that it never received the process which the Secretary of State is required to mail to the address designated by the corporation. Doubtless the reason for this is that the corporation failed to advise the Secretary of State of change of address. (Stock Corporation Law, § 24, subd. [C].)
The corporation was the proper and necessary defendant, despite its dissolution. Subdivision 10 of section 203-a of the Tax Law mandates that the provisions of section 29 of the General Corporation Law apply to corporations dissolved under article 9 of the Tax Law. Said section of the General Corporation Law provides that a dissolved corporation may sue and be sued in its corporate name. Even if we assume that action will not lie against a corporation eo nomine for conduct after dissolution, nevertheless the object of this action is to divest this corporation of title it obtained in 1926 and 1932, prior to its dissolution.
Furthermore, defendant continued after dissolution to do the business described in its charter. Ownership of real estate under the broad terms of this corporation’s certificate of incorporation constituted “ doing business ”. (People ex rel. Wall & Hanover St. Realty Co. v. Miller, 181 N. Y. 328; Singer Mfg. Co. v. Granite Spring Water Co., 66 Misc. 595.) A corporation may not continue doing business as usual after dissolution, as this one did at least until 1954, and then allege the dissolution as a defense. (Public Fuel Service v. Hillgun Holding Corp., 133 N. Y. S. 2d 850.)
The court concludes that the corporation was the proper and necessary defendant and that process was duly served pursuant to the statutes of this State.
The court finds no grounds to grant defendant discretionary relief under section 108 of the Civil Practice Act. By its consistent failure to pay State and local taxes, defendant itself *690 created the conditions which have led to the loss of its land, and there appears to be no excuse for its conduct. At any rate, none is offered. Nor is the court impressed with the “ merits ” of the proposed answer, which basically alleges that the County Treasurer should have notified the directors of the corporation that taxes were due.
The defendant’s motion to vacate the default judgment and for other relief is denied.