The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72176-8618
Dear Representative Minton:
You have presented the following question for my opinion:
 Can a city send out a bid invitation to equipment companies, specifying a product made by a particular manufacturer for no other reason than that the specified make of product is what the persons operating the machines want? Does a bid invitation of this nature exclude bidders, in violation of state law bidding requirements?
You indicate that your question arises out of a situation in which a city issued a bid invitation for a hydraulic excavator, specifying a "Kobelco SK115SR." You further state that the invitation does not provide specifications as to such matters as the size of the motor or the length of the boom. You also indicate that this matter was previously opened for bidding and that other manufacturers and dealers submitted bids, but because the bid was done incorrectly, it is being re-bid.
RESPONSE
The answer to this question will depend largely upon various facts and circumstances surrounding the bid invitation. Because I am not privy to these facts and circumstances (and because I am not authorized to determine questions of fact), I am unable to opine definitively in response to your question. Nevertheless, I will set forth various legal principles that will govern this issue.[1]
Generally speaking, bid invitations must be sufficiently specific to enable competitors to know how to formulate a bid, but not so specific as to restrict competition. Regarding the permissible specificity of a bid invitation, the following general principles have been stated in a legal treatise on this subject:
 The scope of the terms and conditions that may be included must be sufficiently certain and definite to secure a fair basis for competitive bidding, and should contain nothing that would otherwise prevent or restrict full and free competition. While technical defects in the notice or advertisement do not invalidate the contract, the inclusion therein of unauthorized conditions, particularly conditions that will increase the cost of the work, may render the contract invalid. But in the absence of fraud or abuse of discretion, the courts will not interfere to control officers in the exercise of a discretion committed to them as to what plans shall be adopted. Where an agency's specifications have been overstated and are deemed to be overly restrictive, a cancellation of the solicitation is appropriate.
Am.Jur.2d, Public Works and Contracts, § 49.
Various courts have held that the specification of a particular manufacturer's product is overly restrictive under the above-stated principles. A case involving a situation similar to the one you have described was Gerzof v. Sweeney, 264 N.Y.S.2d 376 (N.Y. 1965). In that case, a city, seeking to supplement its power plant, issued a bid invitation for a 3,500 kilowatt generator. The specifications called for a two or four-cycle engine of no particular cylinder arrangement, to be factory-tested. Two bids were received. Both met the engine requirement, but one of them (the more expensive of the two) was not factory-tested. Due to a change in the city's administration, the award of a contract was delayed. The specifications were later revised and modified so that only the more expensive generator could comply. There was, of course, only one bidder — the manufacturer of the more expensive generator — and the contract was awarded to that bidder. The other earlier bidder sought to invalidate the contract.
The Court of Appeals of New York did so, stating:
 [A]n objectionable and invalidating element is introduced when specifications are drawn to the advantage of one manufacturer not for any reason in the public interest but, rather, to insure the award of the contract to that particular manufacturer. (See American La France Foamite Corp. v. City of New York, 165 Misc. 2, 281 N.Y.S. 519, aff'd. 246 App.Div. 699, 283 N.Y.S. 899; see, also, International Meters, Inc. v. City of New York, 47 Misc.2d 924, 101 N.Y.S.2d 208; Grace v. Forbes, 64 Misc. 130, 118 N.Y.S. 1062,)
Gerzof, 264 N.Y.S.2d at 381.
It is important to note the "public interest" limitation the New York court placed upon its own holding. The court stated:
 We do not mean to suggest that specifications for public projects are illegal merely because they tend to favor one manufacturer over another. More must appear in order to render the specifications and the contract based thereon illegal (see Matter of Randolph McNutt Co. v. Eckert, 257 N.Y. 100, 107, 177 N.E. 386, 388; Hopkins v. Hanna, 135 Misc. 750, 239 N.Y.S. 489), since a particular product, that is, one marketed by only one manufacturer, may be required in the public interest.
Id.
As the above-quoted language indicates, the public interest may dictate that a particular manufacturer's product is necessary under certain factual circumstances. However, the New York Court was unconvinced, in the absence of any evidence of such a public interest, that the restrictive bid specification served any purpose other than to assure that a particular bidder received the contract. "Such a scheme or plan is illegal in the absence of a clear showing that it is essential to the public interest." Id., citing Matter of Randolph McNutt Co. v. Eckert,257 N.Y. 100, 107, 177 N.E. 386 (1931); American La France Foamite Corp.v. City of New York, 156 Misc. 2, 4, 281 N.Y.S. 519 (1935), aff'd.,246 App.Div. 699, 283 N.Y.S. 899.
Other courts have taken the same approach. For example, in Gamewell Co.v. City of Phoenix, 216 F.2d 928 (9th Cir. 1955), a city's bid invitation for a fire alarm system was stated in such a way that only one bidder could have complied with the specifications. The 9th Circuit Court of Appeals held that the contract that was awarded to that bidder was void, in violation of the intent of the applicable competitive bidding requirements. The Gamewell court noted, however, that it may be permissible under certain circumstances for a bid invitation to specify patented products and other particular products.
The Arkansas Supreme Court has not addressed the precise issue that you have raised. A case that could provide guidance by analogy, however, isUpchurch v. Adelsberger, 231 Ark. 682, 332 S.W.2d 242 (1960). That case involved an ordinance of the City of North Little Rock that required that all printed matter, blank books, and stationery used by the city bear the union label of the Allied Printing Trades Council. The Plaintiffs owned a printing company that was not entitled to use the label specified by the ordinance. Only one printing company located in North Little Rock was entitled to use that label. The court upheld the lower court's holding that the ordinance was void, stating: "The city is free to designate the kind of printing that it desires and to assure itself of good quality by the adoption of appropriate specifications, but it cannot follow a course by which all public contracts are channeled into the hands of favored bidders." Upchurch, 231 Ark. at 684-85. The court's language indicates that if it were presented with the question you have raised, it would likely approach the issue in a manner similar to that of the Gerzof andGamewell courts. That is, it would likely require some showing of a public need for a bid invitation that specified a particular manufacturer's product. The question of whether such a need exists is, of course, always a question of fact.
Accordingly, I conclude that the question of whether such a specification violates state law depends upon the facts and circumstances — particularly the motive for the restrictive specification.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/SA:cyh
[1] I note that you have specifically inquired about the applicability of Attorney General Opinion No. 2000-255, in which I opined that a municipality cannot explicitly exclude certain bidders from the bidding process. That opinion did not address the precise issue that you have raised.