WILLIAM G. WINEGRATH, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF FAIRVIEW, IN THE COUNTY OF BERGEN.

Argued November 9, 1908—Decided February 23, 1909.

An *allocatur* to a writ of *certiorari* may be vacated by the justice who granted it at any time before the return day mentioned therein.

On motion to vacate an order of a Supreme Court justice vacating upon notice and after hearing the *allocatur* to the writ.

Before Justices REED, BERGEN and MINTURN.

For the prosecutor, *Peter W. Stagg.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

MINTURN, J.    The sole question for determination upon this application is one of practice, viz., whether a justice of the Supreme Court who allows a writ of *certiorari* may subsequently, and before the return of the writ, vacate the *allocatur* after hearing and upon due notice.

The "Act relative to the writ of *certiorari,*" Revision of 1903 (*Pamph. L., p.* 343, § 1), empowers a justice of the Supreme Court to allow the writ in term time or in vacation, and also empowers him to make all necessary orders thereon.    Section 4 of the act authorizes the justice to grant a rule to show cause why the writ should not be allowed, "and to make the same returnable before himself or before the court in banc," the rule to have the same effect as if allowed by the court.

The first section of the act is substantially the provision that was enacted in 1865 (*Pamph. L., p.* 799), and which has been re-enacted *in huic verbis* in all subsequent revisions of the subject.

Rule 60 of the Supreme Court provides that the justice who allowed a writ of *certiorari* may order a vacation of the *allocatur*.    Under this rule it is quite clear that the justice who granted this writ was well within his power in ordering a vacation of the *allocatur* upon grounds which, if they had been presented in the first instance upon the *ex parte* application, would have resulted in a denial of the writ.

This result is reached not only from a consideration of the rule referred to, but in view of the common-law application to the writ itself, which originally issued out of the King's

Bench in banc, and was known as a judicial writ in contra-distinction to a writ of similar name, which issued out of Chancery and was denominated an original writ. 1 *Tidd's Pr.* 403; *Rex* v. *Eaton,* 2 *Durnf. & E.* 89.

Originally the King's Bench, before the passage of any statute on the subject, exercised the power of controlling the writ after it had issued in cases where it was likely to be mis-used, or where it was misdirected, or where it was otherwise bad in point of law, to the extent of quashing it when neces-sary. *Tidd's Pr., supra.* If the writ was not returned with the record, it was customary, upon notice of an irregularity in its issue, to grant a *supersedeas,* which operated as a revocation of the writ. *Daniel* v. *Phillips,* 4 *Durnf. & E.* 499.

Chief Justice Kirkpatrick, in *Ludlow* v. *Ludlow,* 1 *South.* 444, traces the history of the *allocatur* when allowed by a jus-tice of the King's Bench at Chambers, and deduces from his analysis of the cases that, at common law, and prior to the enactment of the statute 1 and 2 *W. & M.,* it was customary for a single justice to grant a fiat, which was, in effect, an order directing that the writ issue, and, upon the filing of that order, the writ was issued by the clerk. The statute 5 and 6 *W. & M.* expressly established the practice of apply-ing for the writ to the justice at chambers, and required him, if he allowed it, to endorse thereon his allowance, to which act the term *allocatur* was applied. It will be perceived, there-fore, that the *allocatur* to the writ is, in effect, but a substitute for the earlier common-law fiat, which, like all orders or rules made by a single justice of the King's Bench, was, until re-turn made to the writ, within the power of the justice grant-ing it to amend, modify or recall.

The power of amendment or correction thus exercised was also, it will be observed, a power analogous to that exercised by the Court of King's Bench in banc, when a *supersedeas* was issued and operated as a vacation of the writ in case of irregularity or inadvertence in its allowance. *Tidd's Pr., supra.*

In the case at bar the writ was allowed on September 10th, 1908, and was returnable on September 30th before this court.

On the 25th of that month notice of a motion to vacate the *allocatur* was served upon the prosecutor, and after a hearing before the justice who allowed the writ the *allocatur* was vacated.

We perceive no error in this, and, therefore, we deny the application to vacate the order vacating the *allocatur,* with costs.