## FREEMAN STUART v. H. P. WOOD ET AL.

Argued February 18, 1914—Decided June 23, 1914.

Unless the objection to the jurisdiction of the trial court and to the sufficiency of the affidavit in a landlord and tenant proceeding be taken at the trial, it will not be considered here upon appeal.

On *certiorari* to the Somerset District Court.

Before Justices TRENCHARD and MINTURN.

For the prosecutor, *Winfield S. Angleman.*

For the respondent, *Fred A. Pope.*

The opinion of the court was delivered by

MINTURN, J. The suit was brought in the District Court to dispossess the defendant as tenant of premises known as the "Old Winn Farm," in the township of Warren. The defendant occupied under an indefinite term, at a monthly rental. The basis of the action was the averment in the affidavit that the defendant "has willfully destroyed, damaged and injured the said premises, by allowing hogs to run upon the same, rooting up the sod in and about the yards of said premises; also by destroying the grape vines and arbors upon said premises, the said hogs being the property of said Freeman Stuart."

The action is founded on two acts of the legislature. *Pamph. L.* 1884, *p.* 178; *Pamph. L.* 1888, *p.* 426. The first act was construed by this court in *Shaw* v. *Shietinger,* 51 *N. J. L.* 152, and in *Finkelstein* v. *Herson,* 55 *Id.* 217, neither of which adjudications attempted to pass upon the question of constitutionality raised here. District Courts are expressly given jurisdiction in this class of cases by the District Court act of 1898, amended in 1899. *Pamph. L., p.* 556; *Pamph. L.* 1899, *p.* 552.

The jurisdiction of the District Court is challenged under these enactments, but we find from the record that the question is legally not before us, since the trial court certifies that no objection was interposed either to the jurisdiction of the court or to the sufficiency of the affidavit. *Levinson* v. *Freeman,* 79 *N. J. L.* 212; *Warren* v. *Finn,* 86 *Atl. Rep.* 530.

Express legislation existing, whereby the District Court can claim jurisdiction. it is not a case depending upon the consent of parties to confer a jurisdiction which the law does not concede, and the *status* of the plaintiff is therefore not open to that criticism.

We think, in any event, the affidavit and notice in the case were sufficient. They substantially pursue the language of the statute, which is all that is required.

The alleged change in the name of the defendant from his initials to his full Christian name is not conceded by the return of the trial court. In fact, the court denies that such an amendment was ordered, and since the name of the defendant as returned to us both in the state of the case and in briefs of counsel is H. P. Wood, as it appears in the jurisdictional affidavit, we must assume that such a change was not made.

The judgment will be affirmed, with costs.