FELIX R. SANTANGELO, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY ET AL., RESPONDENTS.

Decided July 8, 1933.

Before Justice PERSKIE, sitting alone.

For the motion, *Green & Green.*

Opposed, *Romulus P. Rimo (Carr & Carroll).*

PERSKIE, J.   From the docket entries as they remain on file in the clerk's office in this case, submitted with this application, together with the memorandum filed by counsel for the respective private parties it appears that a writ of *certiorari* was allowed on August 7th, 1931, returnable October 6th, 1931, and directed to the civil service commission of the State of New Jersey.   The purpose of the writ it is said was to test the action of the commission in appointing one Harry B. Crook to the office of chief of county detectives for Monmouth county instead of appointing the prosecutor to that position.   Notice of argument was filed on October 1st, 1931, and reasons were filed on October 6th, 1931.   On October 16th, 1931, a stipulation of facts agreed upon by counsel for prosecutor and respondents, was filed.   Nothing further appears to have been done until April 27th, 1933. On that day, Messrs. Green & Green, who represent Harry B. Crook, were substituted and obtained an order to amend the writ allowed on August 7th, 1931, so that Harry B. Crook was joined as a party respondent.   This was unopposed by the attorney-general.   The order aforesaid gave leave to respondent as well as prosecutor to take added depositions; it was duly served but no depositions were taken thereunder. On May 16th, 1933, counsel for Harry B. Crook made application before me, returnable May 27th, 1933, for an order to dismiss the writ of *certiorari,* on the following grounds:

1. The prosecutor has failed to prosecute said writ agreeably to law;

2. The prosecutor has failed to prosecute said writ pursuant to the rules and practices of this court; and

3. The prosecutor has failed to exercise due diligence in the prosecution of said writ and has been guilty of laches.

Memorandum of prosecutor was submitted to me on June 28th, 1933, and raises three points in opposition to this application.   They are as follows:

1. This matter has apparently been held in abeyance by an agreement between attorney for the prosecutor and William A. Stevens, attorney-general of the State of New Jersey.

2. That since Harry B. Crook did not become a party until April 27th, 1933, he is not in a position to object to delay occurring prior to his having been made a party—particularly so—since the delay was in nowise objected to by the attorney-general.

3. Inasmuch as the return to the writ has already been made that I am without jurisdiction, sitting alone, as a single justice, to dismiss this writ.

I find it unnecessary to treat the first two points because I am of the opinion that the third point is well taken. In the case of *Winegrath* v. *Fairview,* 77 *N. J. L.* 449; 72 *Atl. Rep.* 91, Mr. Justice Minturn held:

"An *allocatur* to a writ of *certiorari* may be vacated by the justice who granted it at any time before the return day mentioned therein."

And in the case of *Daniel B. Frazier Co.* v. *Long Beach,* 10 *N. J. Mis. R.* 747; 161 *Atl. Rep.* 51, Mr. Justice Bodine, following the *Winegrath* v. *Fairview case, supra,* held:

"Until a return is made to a writ a Supreme Court justice, who allowed it can amend, modify or recall the same."

I have personally examined the file in this case as it remains in the clerk's office and found that a return to the writ was made by Charles P. Messick, chief examiner and secretary to the New Jersey state civil service commission and filed on October 6th, 1931. The amendment to the writ allowed on April 27th, 1933, does not affect this return. I am therefore without jurisdiction in the premises. Application is denied, with costs.