RED OAKS, INCORPORATED, A CORPORATION, PROSECU-
TOR, v. DOREZ, INCORPORATED, A CORPORATION,
DEFENDANT.

Argued October 7, 1936—Decided November 6, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the prosecutor, *Leber & Ruback* and *Merritt Lane.*

For the defendant, *McCarter & English* (*George W. C.
McCarter*) and *Edward M. Garlock* (of the New York bar).

The opinion of the court was delivered by

CASE, J. The issue as presented makes necessary an under-
standing of the antecedent proceedings as well as of the pre-

cise dates thereof. On January 19th, 1934, the District Court of the Second Judicial District of the county of Monmouth, in a dispossess proceeding, entered judgment of possession in favor of the landlord, Dorez, Incorporated, and against the tenant, Red Oaks, Incorporated. On January 25th, 1934, the tenant, prosecutor herein, filed its bill in Chancery to enjoin against the enforcement of the judgment for possession. Chancery granted *ad interim* restraint and ultimately, the injunction. *Red Oaks, Inc.,* v. *Dorez, Inc.,* 118 *N. J. Eq.* 198; 178 *Atl. Rep.* 554. On the landlord's appeal the Court of Errors and Appeals reversed the decree in Chancery (120 *N. J. Eq.* 282), because the tenant had failed to establish any rights cognizable in equity after a judgment at law. May 28th, 1936, the Court of Chancery, in accordance with the *remittitur,* entered a decree of reversal but under circumstances which continued the restraint against the enforcement of the warrant for possession until June 11th, 1936. On June 11th, 1936, the tenant filed its petition with the District Court of the Second Judicial District of the county of Monmouth and obtained therefrom an order, returnable June 19th, 1936, to show cause (with *ad interim* stay) why a permanent stay of the issuance of warrant of removal should not be granted. On June 19th, 1936, the District Court denied that motion, discharged the rule to show cause and directed that warrant of removal issue immediately. The warrant of removal did issue on that date. On the following day, June 20th, 1936, the defendant obtained from the Supreme Court a rule to show cause why the writ of *certiorari* should not issue to review the District Court judgment, orders, warrant to dispossess and other proceedings in the District Court, which rule contained an *ad interim* stay. The writ itself issued on July 17th, 1936, and, with the record, is now before us.

It is argued by the prosecutor that section 3 of the *Certiorari* act (1 *Comp. Stat., p.* 403), which provides that no writ of *certiorari* shall be allowed to review any judgment, order or proceeding entered or obtained in any court of record unless the same be issued in eighteen months after entering or obtaining the same, is unconstitutional as an unreasonable interference with the inherent power of this court to issue,

in a proper case, its prerogative writ of *certiorari*, and that even if the statute be considered effective as against a review of the judgment entered in the District Court on January 19th, 1934, it is not a bar to a review of the warrant of removal, which the prosecutor contends is an independent proceeding, independently reviewable.

The District Court is a statutory tribunal, and from its decision in causes of the character of that now before us the statute provides no appeal. But the jurisdiction of the Supreme Court to review such a decision, upon timely application, is too well known to require citation or comment. The tenant against whom judgment went did not, however, choose to pursue that remedy. It sought, not to review, but to enjoin. Unable, in the court of its selection, to avoid the judgment, it now, nearly three years after the pronouncement of judgment, brings on the review that it might have sought forthwith. In justice and reason there must be a limit to litigation and to the time when a party, having failed to pursue his remedy, may avail himself of it. This is glaringly apparent when the contest is over the right to the continued occupation and use of property. Had the tenant, when it was sued in the District Court, deemed the cause one which should be heard by a court of higher standing in the judicial scheme, it could have exercised its right under section 114 of the District Court act to apply, before the return of the summons, to a justice of the Supreme Court for the transfer of the cause to the Circuit Court of the county, and had the transfer been made the last named court would have had full and exclusive cognizance of the case. Had that been done the losing party would have had its appeal as a matter of right, subject, however, to the limitation in time set by the statute. There would have been no "time out" for experimental digressions. The prosecutor urges that the time consumed by the litigation in the Court of Chancery and in the Court of Errors and Appeals should not be charged against it. We do not agree with that contention. The litigant disregarded a proceeding then regularly available and which it now seeks to pursue, and failed to establish any rights cognizable in the forum to which it went. It is not that the litigant is dis-

qualified by an unwise election from later seeking other relief but that it has come to a time when, in our view and under all of the circumstances, the limitation placed by the statute has, with reason, interposed.

A reasonable limitation upon the time within which a *certiorari* may issue is constitutional. What is reasonable limitation will be determined upon the facts of each case as they arise. *Traphagen* v. *West Hoboken, 39 N. J. L.* 232, 237; *affirmed,* 40 *Id.* 193; *Van Anglen* v. *Bayonne,* 56 *Id.* 463; *Cunningham* v. *Merchantville,* 61 *Id.* 466; *Rosell* v. *Neptune City,* 68 *Id.* 509. We consider that the limitation imposed by the statute upon the prosecutor's right to the writ of *certiorari* under the facts of this case is a reasonable one and should be sustained.

Whether or not the warrant of removal, sometimes called the warrant for possession, is an independent proceeding and is independently reviewable is not important, for the reason that the reasons (except, perhaps, one noted later in this paragraph) seriously urged why the warrant should be set aside all go back to the judgment and find their basis in the alleged imperfections of the judgment. We think that the judgment, if it may not be attacked in terms, may not be thus attacked indirectly. We find no fault available to the prosecutor in the fact that the statute (section 111 of the District Court act) provides that if the District Court should find for the landlord "the said court shall forthwith issue its warrant," whereas the warrant in the present cause did not issue until June 19th, 1936. Throughout the entire period of two years and five months from the entry of judgment until the issuing of the warrant, the landlord was under restraint at the instance of the tenant with the exception of the few days, at the very beginning, intervening between January 19th, 1934, and January 25th, 1934. Without detailing the circumstances incident to that brief period, we find nothing harmful to the tenant in the omission. The word "forthwith" is obviously for the benefit of the landlord, at whose instance the proceeding began and for whose benefit the order is to run.

We conclude that the writ should be dismissed, with costs.