THE TAX INVESTMENT CORPORATION OF NEW JERSEY, PROSECUTOR, v. WALTER J. HUNZIKER, COLLECTOR OF THE CITY OF PATERSON, RESPONDENTS.

Argued May 7, 1941—Decided May 17, 1941.

"This is an application for a *certiorari* to review a delinquent tax sale held by the Collector of Taxes of the City of Paterson. It is alleged that the sale is tainted with fraud, and so is a nullity, certainly as to the particular properties involved in the asserted fraudulent conduct. It is said that 'a conspiracy existed between certain of the purchasers with the aid or connivance of other persons who are unknown to the petitioner whereby certificates of tax sale were issued to favored buyers to the detriment of the taxpayers of the City of Paterson, the owners of the properties sold, and other bidders who appeared at the tax sale.' The specification is that certain properties, fifty-seven in number, were sold privately, and not at the public auction, and that the certificates for twenty-two of the properties sold 'were issued at an interest rate, or for a premium at variance with the interest rate or premium set down in the record of the sale which was kept by the petitioner.'

"Petitioners concede the integrity of the tax collector. The allegation seems to be that one or more of his subordinates betrayed their trust, and deliberately made false entries on the city's record to effectuate the fraudulent scheme charged. While there is evidence seeming to discredit the official records in some respects, I do not entertain the view that the

petitioners have sustained the burden ·of proving fraud by clear and convincing evidence, or that the evidence is of such quality as to require the award of a *certiorari* to the end that the evidence be appraised by the court. The collector was in personal charge of the sale, and supervised the recording of the transactions thereat. He is known both for his high personal honor and efficiency in the discharge of his official duties. It is inconceivable that his subordinates would have set out to perpetrate the alleged fraud under his very eyes; at all events, petitioners have not met the burden of proving the fraudulent entry of sales that were purely fictitious. Recording errors were undoubtedly made. It would have been surprising indeed if there had been none such. Some six hundred properties were sold. There were numerous bidders; and the bidding was spirited. It may well be that under such circumstances additional clerical help is needed to avoid error and to make a record that would be unimpeachable—one that in its nature would be wholly proof against assault.

"Moreover, the matters alleged do not void the entire sale, as petitioners seem to suggest. Substantial loss to the city, by reason of the transactions asserted to be tainted with fraud, is hardly a probability. The premiums go to the municipality only in the event that redemption shall not be had within five years; and the proof is clear that such properties as command a premium are invariably redeemed. A loss resulting from an alteration in the interest rate would fall upon the owner rather than upon the municipality. And if, through fraud or mere inadvertence, the actual transactions at the sale have not been duly recorded, the sales are not void. There are amply corrective measures. Justice does not require that such sales be invalidated; rather the contrary. As to the asserted fictitious sales, the onus of proof has not been sustained.

"Relief by *certiorari* is ordinarily discretionary; and the writ should not issue where there is a likelihood of disservice to the public interest. There is no such public injury as justifies the issuance of the writ for the purpose indicated here; on the contrary, its award would be attended with the hazard

of material loss to the municipality. Since other adequate remedial measures are available, the writ should not go unless imperatively demanded by the public interest. This is plainly not the case. As stated, there is no likelihood of loss to the municipality by reason of the failure to enforce payment of all premiums bid; and, as to the rate of interest, the property owner and not the municipality will sustain the loss. None of the affected property owners has joined in this application, and, if the contrary were so, the inquiry would be what should be done to remedy the wrong in the individual case.

"The rule to show cause is accordingly discharged."

Before Justices PARKER, DONGES and COLIE.

For the prosecutor, *I. Irving Wittes.*

For the respondents Hunziker and City of Paterson, *John F. Evans.*

For the respondents Ehren Realty Company et al., *Emanuel Ehrenkranz.*

PER CURIAM.

We concur in the result reached by Mr. Justice Heher on the original application to him, and in the main for the reasons given in his memorandum, printed above. It is stated in the brief for prosecutor that he was mistaken in saying that six hundred properties were sold, and that in fact less than half that number were actually sold. Be this as it may, the reasoning of his opinion is not affected.

Our own examination of the matter satisfies us, first, that substantial injury to prosecutor has not been shown: second, that certain personal memoranda of witnesses offered in evidence were clearly incompetent: third, that prosecutor has not sustained the burden of proof: fourth, that, as stated in the memorandum, adequate remedial measures are available: and fifth, that in any event no material loss to the city is at all probable.

*Allocatur* is therefore denied.