LEO FERRAGINA, PROSECUTOR-APPELLANT, v. SAM KAPLAN, RESPONDENT-APPELLEE.

Submitted May 29, 1942—Decided September 18, 1942.

For the prosecutor-appellant, *Thomas Brunetto* (*McCarter, English & Egner,* of counsel).

For the respondent-appellee, *Harold Markowitz* (*Charles Blume,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The Supreme Court vacated the *allocatur* of a writ of *certiorari*. Motion was made for this relief before the date for the return to the writ. Upon an inspection of the moving papers, supporting the motion, the Supreme Court obviously thought that the writ was improvidently allowed, hence its rule vacating the *allocatur*.

The appeal before us was not argued and the appellant's brief contains but one point which is addressed generally to the merits of the District Court judgment in a landlord and tenant case, for the review of which the writ was originally allowed. But the judgment of the District Court is not under review here. An appeal or writ of error or a

prerogative writ is in review of the judgment of the tribunal which last passed upon the issue. No point is made challenging the power of the Supreme Court to vacate the *allocatur* except to say that while a single justice may vacate his own *allocatur* the Supreme Court *en banc* may not vacate such *allocatur*. There is a further statement in the brief, without more, that there is a "great difference" between the two cases, *i. e.,* where a Supreme Court Justice nullifies the writ which he has granted as against the court vacating a writ allowed by such justice. What the difference is appellant does not say. It seems to us to be elementary that whatever a Supreme Court Justice is empowered to do, certainly the court *en banc* may likewise do. This being so, there is nothing before us. The appellant has no standing. Allowing a writ of *certiorari* is a prerogative of the Supreme Court and it is discretionary in character. Its allowance or vacation cannot be restricted even by statute. *Dufford* v. *Decue,* 31 *N. J. L.* 302; *Winegrath* v. *Fairview,* 77 *Id.* 448; 72 *Atl. Rep.* 91; *Frazier Co.* v. *Township of Long Branch,* 110 *N. J. L.* 221; 164 *Atl. Rep.* 278; *Ford Motor Co.* v. *Fernandez,* 114 *N. J. L.* 202; 176 *Atl. Rep.* 152; *Wedgest* v. *Globe Porcelain Co.,* 125 *N. J. L.* 438; 15 *Atl. Rep.* (2d) 760.

The appeal will be dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.