THE TAX INVESTMENT CORPORATION OF NEW JERSEY, PROSECUTOR, v. VINCENT J. MURPHY, DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE, ET AL., DEFENDANTS.

Submitted May 2, 1944—Decided January 16, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the prosecutor, *Saul A. Wittes.*

For the defendants, *Philip J. Schotland* and *Thomas L. Parsonnet.*

PER CURIAM.

Prosecutor seeks a review of a tax sale held by the authorized officer of the City of Newark, in which a property of prosecutor was sold.

It is undisputed that taxes remained unpaid for the year 1942 on July 1st, 1943. The challenge relates to the alleged premature preparation of the tax sale list, the alleged premature publication of the notice of tax sale, and the alleged premature holding of the sale. It is undisputed that the notice of sale was published on June 15th, June 22d, June 29th and July 6th, 1943, and that the sale was held on July 13th, 1943. An officer of the prosecutor protested the procedure and, prior to the sale, requested the deputy director of finance to start anew and re-advertise a new sale after July 1st, 1943. On August 12th, 1943, prosecutor tendered

to the director of finance the sum of $252.61, being the amount of taxes for 1942, with interest thereon to that date, but omitted the sum of $4, the costs of sale. This offer was rejected and the check of prosecutor returned to it. This writ was allowed on March 28th, 1944.

In the instant case the only interest of prosecutor involves the question of the payment of $4, the costs of sale. Had the advertisement been postponed until July 1st, 1943, prosecutor would have no possible ground for challenge because, admittedly, the taxes were due and unpaid on the day of sale and for about a month thereafter.

We are of the opinion that inasmuch as no substantial injury to prosecutor has been shown, and inasmuch as a disservice to the public interest would result if prosecutor's position were sustained, the writ should be dismissed.

In *Tax Investment Corp.* v. *Hunziker,* 126 *N. J. L.* 412, *allocatur* was denied because there was no substantial injury to prosecutor and because of possible material loss to the municipality. So here, the same situation exists. If the sale should be declared invalid, prosecutor would save the costs of sale, and the municipality would be confronted with numberless challenges.

Writs being discretionary, their dismissal, as improvidently granted, where laches (not here asserted) appear, or substantial injury to the public will result, without substantial injury to prosecutor, has been the practice of this court. *Red Oaks, Inc.,* v. *Dorez, Inc.,* 117 *N. J. L.* 280; *O'Leary* v. *Common Council, &c.,* 8 *N. J. Mis. R.* 559; *Weissinger* v. *Mayor, &c.,* 10 *Id.* 1093.

The writ is dismissed, with costs.