DAVID H. FISHER, GEORGE BRENNAN AND WILLIAM H. FLANNIGAN, PROSECUTORS, v. BOROUGH OF LONGPORT, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND LAYNE-NEW YORK COMPANY, INC., A BODY CORPORATE OF THE STATE OF NEW YORK, DEFENDANTS.

Argued April 21, 1947—Decided May 1, 1947.

For the prosecutors, *Roberts, Pillsbury, Carton & Sorenson.*

For the defendants, *Joseph B. Perskie.*

EASTWOOD, J.  This is an application by three citizens, claiming to be taxpayers of the defendant borough, for a writ of *certiorari* to review the action of the Borough Commission of the Borough of Longport, in awarding a contract to Layne-New York Company, Inc., for the construction and installation of a gravel filter well and water pumping equipment in the Borough of Longport.

A review of the factual situation reveals that the defendant borough, being in need of a well and pumping system for the supply of pure and sufficient, economical, potable water, prepared specifications for such a system and made public advertisement of the same.  The only bid received was that of the defendant Layne-New York Company, Inc., which agreed to construct and install the system in question for the price of $27,362.  No other bids were received and the three Com-

missioners, constituting the governing body of the defendant borough, accordingly on March 20th, 1947, adopted a resolution awarding the contract to the defendant Layne-New York Company, Inc.

It will be observed, *in limine,* that the application to review the action of the governing body is not by a disappointed competitive bidder. Nor is it questioned that the defendant borough had urgent need of the well and pumping system in question. The sole attack is based on the theory that the specifications as prepared by the governing body were so drawn as to exclude competitive bidding with the result that the defendant Layne-New York Company, Inc., was the only company that could comply with the specifications.

The portion of the specifications, material for decision, provides as follows:

"1. *Work to be Done:* The work to be done includes the construction of a Gravel Filter well unit, Layne type or equal, complete with pumping equipment and auxiliary engine drive having a guaranteed minimum capacity of not less than 700 GPM against a surface pressure of not in excess of 25 feet, all as hereinafter specified:—" It would seem that a careful reading of the above quoted portion of the specifications does not preclude competitive bidding so as to bar any bid except that of the defendant Layne-New York Company, Inc. Albeit the specifications call for a "Layne type" gravel filter well unit; provision is therein made for other types of equipment by the use of the words "or equal." To hold otherwise would be to do violence to plain and simple English.

Although public advertisement was made by the defendant borough for the submission of bids for the contemplated construction in accordance with the provisions of *R. S.* 40:50–1, I express no opinion as to the necessity of such advertisement. It may well have been that the contemplated construction was not such a matter requiring advertisement by the municipality. However, the advertisement was made and the prosecutors cannot now complain of injury thereby. The Borough of Longport is located on Absecon Island and is entirely surrounded by salt water. The fresh water-bearing stratum of Absecon Island is located at an approximate depth

of 800 feet below the surface of the island, and is known geologically as the Kirkwood. The fresh water wells in this area, including the Borough of Longport and the Cities of Brigantine and Margate City, draw their water supply from this formation. If seriously polluted and unfit for human consumption, the only possible alternate supply would be to purchase water or drill down into the deep Raritan formation which occurs at over 3,000 feet below the surface of Absecon Island, and the quality of which has not been determined. It is thus seen that the governing body was faced with a very serious situation and was, perforce, obliged to award the contract in question to a recognized, reputable company, experienced in the construction of the type of well in question. It appears from the evidence submitted that the Layne-New York Company, Inc., has had wide and successful experience in the construction of fresh water wells throughout New Jersey and particularly in the Absecon Island area. The reasonableness of the contract price of $27,362 is not questioned. We deem the holding in *Peter's Garage, Inc.,* v. *Burlington et al.,* 121 *N. J. L.* 523; 3 *Atl. Rep.* (2d) 634, opinion by Mr. Justice Perskie, dispositive of the application before me. The Supreme Court therein held:

"Prosecutors further argue even if it be conceded that the city was not obliged to advertise, nevertheless, the award was illegal because the governing officials abused their discretion in the premises. It is, of course, settled that apart from the statutory inhibition, the award of a contract by municipal authority must be bottomed upon the exercise of a 'discretion within proper limits' (*Hahn Motor Truck Corp.* v. *Atlantic City,* 6 *N. J. Mis. R.* 234), upon a 'fair and intelligent consideration' thereof (*Simmons* v. *Mayor, &c., Wenonah,* 6 *N. J. Mis. R.* 902 (at *p.* 904)), upon circumstances free from 'fraud' (*Hammonton* v. *Elvins,* 101 *N. J. L.* 38 (at *p.* 42)). In short, 'good faith and honesty' are the determinative factors. *Ryan* v. *Paterson,* 66 *N. J. L.* 533, 535; 49 *Atl. Rep.* 587."

I am unable to find anything in the proofs submitted by prosecutors that would indicate any action in connection with the award of the contract in question that could be said to

spell out an abuse of "discretion within proper limits," or a lack of "fair and intelligent consideration," or that the award was not free from "fraud" or that "good faith and honesty" were not employed as required under the holding in *Peter's Garage, Inc.*, v. *City of Burlington et al.*, *supra*. I have considered all the other arguments advanced in support of prosecutors' contentions and find them to be without merit.

The application is accordingly denied.