[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 508 
Defendants move for summary judgment, under Rule 3:56-2, as a matter of law on the grounds "that (a) this court lacks jurisdiction over the subject matter of this cause of action; and (b) the proceeding herein of the plaintiffs was not commenced within thirty days of the accrual of their rights, if any, provided by law."
The complaint in this action, a proceeding in lieu of the prerogative writ of certiorari, was filed January 25, 1949. *Page 509 
It alleges that plaintiffs are owners of real estate within two hundred feet of premises known as No. 25 Tonnelle Avenue, Jersey City, which premises lie within a residential zone as established under the Zoning Ordinance of Jersey City. The complaint further alleges that on September 10, 1948, defendant, Academy Associates, Inc., applied to defendant, Board of Adjustment of the City of Jersey City, for a variance in order to convert the residence building known as No. 25 Tonnelle Avenue to business purposes; that at the time of making the aforesaid application defendant, Academy Associates, Inc., was not the owner of the aforesaid premises but had agreed to purchase the premises from the owner thereof on condition the above-mentioned variation from the requirements of the zoning ordinance could be obtained. It is further alleged that on September 28, 1948, a public hearing on the aforesaid application was held by defendant, Board of Adjustment of the City of Jersey City, at which plaintiffs appeared by counsel and objected to the granting of the variation; that at the conclusion of the hearing the chairman of the Board announced that decision on the application would be reserved, and upon being asked by counsel for the plaintiffs whether they would be notified of the decision, the chairman advised that they would be so notified. The complaint further alleges that neither plaintiffs nor their counsel received notice that the Board had reached a decision on the aforesaid application, nor did they have any knowledge that a decision had been reached until December 29, 1948, when they read in a newspaper that the premises had been purchased by defendant, Academy Associates, Inc.
The complaint further sets forth that on November 13, 1948, the defendant, Board of Adjustment of the City of Jersey City, recommended to the Board of Commissioners of Jersey City that the application of defendant, Academy Associates, Inc., be granted, and on November 16, 1948, the defendant, Board of Commissioners of the City of Jersey City, passed a resolution granting to Academy Associates, Inc., permission to convert the aforesaid building for store purposes; that on December 30, 1948, defendant, Edward J. *Page 510 
Spoerer, Superintendent of Buildings of the City of Jersey City, issued a building permit to defendant, Academy Associates, Inc., by which the latter was permitted to convert the building located at No. 25 Tonnelle Avenue for store purposes.
The complaint further asserts that the Board of Adjustment had no jurisdiction to recommend the variation from the requirements of the zoning ordinance because it made no findings of the necessary jurisdictional facts as required by R.S. 40:55-39, as amended by chapter 305 of the laws of 1948, and that as a consequence thereof, the defendant, Board of Commissioners of the City of Jersey City, had no jurisdiction to pass the resolution permitting the aforesaid variation.
The complaint concludes with a demand that that action of the Board of Adjustment in recommending the variation, and the action of the Board of Commissioners in adopting the resolution permitting the variation be reversed and vacated, and that the building permit issued to Academy Associates, Inc., be revoked.
Defendants contend that the action should be dismissed for the reason that it was not commenced within time, and, therefore, contrary to R.S. 2:80-7 (chapter 381, P.L. 1948) which provides as follows:
"No proceedings for review, hearing and relief in lieu of prerogative writs shall be commenced, unless it shall be commenced within thirty days of the accrual of the right to such review, hearing or relief, except as provided in any other law or by Rules of the Supreme Court."
Defendants argue that under the above statute plaintiffs' right accrued to them on November 16, 1948 (date of the Board of Commissioners' resolution permitting the variation), and therefore any proceeding for review, hearing and relief should have been commenced within thirty days thereof, or December 16, 1948.
It is clear that the proceeding herein by the plaintiffs is in lieu of the former prerogative writ of certiorari. (New JerseyConstitution, 1947, article VI, section 5, paragraph 4,Rules 3:81-1 et seq.) Prior to the effective date of the Judicial Article of the 1947 Constitution (September 15, *Page 511 
1948) reviews in cases of the type of the present case were by writ of certiorari. See Brandon v. Board of Com'rs of Town ofMontclair, 124 N.J.L. 135; affirmed, 125 N.J.L. 367. A civil action is commenced by filing the complaint with the court.Rule 3:3-1. An examination of the file in the office of the clerk of the Superior Court discloses that the complaint was filed on January 25, 1949.
Plaintiffs contend their right to review did not accrue until the building permit was issued on December 30, 1948, and that they had filed their complaint within thirty days of that date. The plaintiffs take the position that the issuance of the building permit was not a mere formality, as the resolution of the Board of Commissioners expressly provided "that the plans and specifications comply with the requirements of the Building Department and the Department of Public Safety and Public Works." However, R.S. 40:55-39, having to do with the approval of the governing body of the recommendation of the Board of Adjustment, provides:
"* * * If such recommendation shall be approved by the governing body * * * then the administrative officer in charge of granting permits shall forthwith issue a permit for such structure or use." (Italics supplied.)
The issuance of the permit by the Superintendent of Buildings was purely an administrative function. In the performance of this duty the superintendent acted only in a ministerial capacity to enforce the conditions of the permit as written. Compare,Brandon v. Board of Com'rs of Town of Montclair, supra.
Plaintiffs' right to review, hearing and relief as to the recommendation of the Board of Adjustment together with the resolution of the Board of Commissioners became enforceable,i.e., there was "the accrual of the right," when the Board of Commissioners adopted the resolution.
Plaintiffs next contend that under Rule 3:60-2 the court may relieve a party from a final judgment, order or proceeding for "(1) mistake, inadvertence, surprise or excusable neglect * * * (4) the judgment or order is void * * * or (6) any other reason justifying relief from the operation *Page 512 
of judgment or order;" that the rule further provides: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding; * * *."; that the allegations of the present complaint are sufficient to constitute an independent action for relief under this rule, and that a proceeding under this rule is within one of the exceptions provided by the statute (R.S. 2:80-7, supra).
The Supreme Court has promulgated Rule 1:2-5 for the time of taking appeals to the appropriate appellate court. The Supreme Court has not promulgated any rule having to do with appeals from municipal bodies unless it would be considered to be within the clause of the rule "(e) Any other final judgments, 30 days." It is my opinion this rule does not apply to decisions of governing bodies of municipalities. In any event, the time limit is the same as that prescribed in R.S. 2:80-7. The time for appeal from "(f) Final agency decisions 30 days, except here the time shall run from the date of the service of the decision of the agency," relates to hearings before State agencies. Rule 1:7-9 permits the court to relax the rules where a strict adherence to them would work surprise or injustice, except that the court maynot extend the time for taking any action under Rule 1:2-5, which has to do with the time for appeals. Therefore, it is my opinion that there is nothing in Rule 3:60-2 that would justify the Superior Court in extending the time for an appeal from an action of a municipal body. Rule 3:60-2 empowers the court to grant relief as to its orders when an injustice would be done, but it does not give the court power to prolong the time limiting an appeal. Rules 3:1-2 and 3:6-1 are not applicable.
Plaintiffs next contend that as the Board of Adjustment had no jurisdiction to recommend the issuance of the building permit and the Board of Commissioners had no jurisdiction to authorize the building permit because of the failure to find the necessary jurisdictional facts as required by R.S. 40:55-39, there is no limitation of plaintiffs' right to review as the acts by the said boards are void for lack of jurisdiction. *Page 513 
The defendants argue that under chapter 305 of the Laws of 1948, amending the Zoning Act (R.S. 40:55-39), there is no longer any necessity, under subsection d, for a finding of "undue hardship." However, the standards prescribed by subsection c of the act must condition the requirements of subsection d. Cf.Brandon v. Board of Com'rs of Town of Montclair, supra. Under subsection c, in order for the Board of Adjustment to act, it must find "exceptional narrowness, shallowness or shape of a specific piece of property * * * or by reason of exceptional topographic conditions or other extraordinary and exceptional situation or condition of such piece of property, the strict application of any regulation enacted under the act would result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the owner of such property * * *."
It appears from a reading of the complaint and the attached schedules that the Board of Adjustment and the Board of Commissioners did not find these necessary jurisdictional facts. Notwithstanding the above, it is my opinion that the plaintiffs may not commence the proceeding beyond the prescriptive period of the statute limiting the time for review, hearing and relief. Mr. Justice Heher in the Supreme Court decision of Brandon v. Boardof Com'rs of Town of Montclair, supra, holding that the jurisdictional requirements of the statute had not been met, was careful to point out that there was no statute of limitation as to a review of a "mere recommendation" of a Board of Adjustment. Moreover, even had there been such a statute of limitation the legislature would not have had the power to curtail the former Supreme Court's common law jurisdiction over the prerogative writ of certiorari. See Traphagen v. Township of West Hoboken,39 N.J.L. 232; Brandon v. Montclair, supra; Ferragina v. Kaplan,129 N.J.L. 88. The former Supreme Court on many occasions followed the mandate of the statute of limitation and it has been held that the legislature could limit a reasonable time in which prosecutors should pursue their remedies as long as the court found it not to be an unreasonable interference with the inherent power of the Supreme *Page 514 
Court over the prerogative writ of certiorari. Traphagen v.Township of West Hoboken, supra; Red Oaks, Inc., v. Dorez, Inc.,117 N.J.L. 280. Furthermore, even though the jurisdictional facts were not found by the municipal bodies, the former Supreme Court could dismiss on the ground of laches. Cf. Brandon v.Board of Com'rs of Town of Montclair, supra; Cf. Ackerman v.Board of Commissioners, 62 A.2d 476. The above decisions lead me to the opinion that although the jurisdictional facts are not found by the municipal bodies, proceedings for review, hearing and relief therefrom must be timely. To hold otherwise would result in substantial harm to one who had relied upon a resolution of a governing body permitting him to erect or alter a building, after an indefinite time had elapsed. In the present case the court requested that testimony be given before it as to the expenditures made by the defendant Academy Associates, Inc. It appears that after thirty days from the adoption of the resolution granting the variance it expended a substantial sum of money for the purchase of the property under discussion. It has changed its position in reliance upon the resolution of the Board of Commissioners.
In Freeman v. Hague, 106 N.J.L. 137 (E. A. 1929), Mr. Justice Kalisch wrote at p. 140:
"But even if it be assumed that the board of commissioners had improperly or erroneously recommended the granting of the permit, nevertheless, we are clearly of the view that the board was without lawful power to revoke such permit, after the prosecutrix had acted upon the faith of it, by the expenditure of moneys in the prosecution of the work, and had entered into contractual relations with builders for the erection of the garage, unless it appeared that such permit was obtained by fraud or deceit."
In the instant case there is no charge of fraud or deceit upon the part of any of the defendants. From the testimony taken before me, I must conclude that Academy Associates, Inc., acted in good faith in the belief that the permit was valid and effective, especially after the statutory time for review had expired. *Page 515 
Plaintiffs have cited numerous cases holding that a void judgment may be vacated at any time. In those cases the court had no jurisdiction over the subject matter or the person against whom the judgment was entered.
In Hendey v. Ackerman, 103 N.J.L. 305 (Sup. Ct.), it appeared that no notice of any character was given to the parties in interest, contrary to the statute, and the court held that the board of adjustment was "utterly without jurisdiction" to hear and pass on the appeal. The action of the board of adjustment wascoram non judice as was the action of the governing body inLynch v. Hillsdale, 136 N.J.L. 219; affirmed, 137 N.J.L. 280, where the governing body granted a variance without a hearing and without a recommendation of the board of adjustment. The court held that the applicant could not claim a change in position by "a fairly prompt expenditure of money" to put the action of the governing body beyond challenge. It will be observed that in the above cases the board of adjustment and the governing body had no jurisdiction over the subject matter as in each case there had been no hearing. In the present case both the board of adjustment and the board of commissioners had jurisdiction over the subject matter. That the board of adjustment did not make an adequate finding of facts or other recitals should not permit objectors an indefinite period of time to seek a review, hearing and relief. Cf. Stuart v. Wood,86 N.J.L. 110. In justice and reason there must be a limit to litigation and to the time when a party, having failed to pursue his remedy, may avail himself of it. Red Oaks, Inc., v. Dorez,Inc., supra. The legislature by the enactment of R.S. 2:80-7 has prescribed that time. If the contrary were so, one purchasing a property which had been altered as a result of permission given erroneously by the governing body in the distant past might have the use of his property substantially impaired because of a later proceeding such as the one under discussion. There should be a definite time when an applicant for a variance, which is granted by the governing body, may be assured that the granted application has ripened into an unassailable right. This seems to be the philosophy of Freeman *Page 516 v. Hague, supra. In Ackerman v. Board of Commissioners,supra, the Appellate Division, considering a zoning case oncertiorari, held that generally suit should be brought within 30 days after the governing body acts. There the application for the writ was made 43 days after the date of the resolution of the board of commissioners, but the court refused to dismiss as "none of the parties are prejudiced by the short delay in applying for the writ." In the present case the defendant Academy Associates, Inc., is prejudiced in that it purchased the property subsequent to the 30 day period after the action of the Board of Commissioners. Moreover, at the time of the application for the writ in the Ackerman case there was no specific statute limiting the time for commencing an action as we have in the present case. (R.S. 2:80-7.)
Finally, plaintiffs contend that chapter 381 of the Laws of 1948 is unconstitutional in that it is an unlawful usurpation of the prerogatives of the Supreme Court.
The Constitution of 1947, article VI, section V, paragraph
4, provides:
"Prerogative writs are superseded and, in lieu thereof, review, hearing, and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right, except in criminal causes where such review shall be discretionary."
Plaintiffs submit that, under the provision quoted above, the Supreme Court has the exclusive right to determine in what manner and on what terms review, hearing and relief in lieu of prerogative writs shall be afforded, and as the rules promulgated by the Supreme Court contain no limitation of time within which such a proceeding must be instituted, any legislative limitation is repugnant to the court's constitutional power.
It is to be noted, however, that the statute (chapter 381,P.L. 1948) R.S. 2:80-7 limits the time for review, hearing and relief "except as provided * * * by Rules of the Supreme Court." The exception relieves the statute from *Page 517 
an attack of usurpation of the power of the Supreme Court. The Supreme Court has not promulgated a rule in conflict with the statutory limitation. Until it does, this court will recognize the legislative limitation. Our courts have always recognized the power of the Legislature to regulate remedies, and to enact statutes of repose. Cf. Traphagen v. Township of West Hoboken,supra.
It is unnecessary to determine at this time whether or not the rules of the Supreme Court relating to proceedings in lieu of prerogative writs are encompassed within the restriction of its rule making power as to practice and procedure, "subject tolaw." New Jersey Constitution, article VI, section 2,paragraph 3.
Therefore, for the reasons set out above, I have concluded that the complaint should be dismissed and judgment entered for the defendants. I am not unmindful of the fact (from the pleadings) that the chairman of the Board of Adjustment did not live up to his promise to notify counsel for the objectors of the recommendation or decision of the board. Had he done so, it is probable that the plaintiffs would have commenced this suit within time. However, the promise was gratuitous. I have found no statute which requires the Board or its chairman to notify objecting parties of the reserved decision of the Board. The District Court Act requires the clerk to notify the litigants by registered mail of a decision reserved by the judge. R.S.
2:32-87. The Supreme Court Rules limit the time of an appeal from a State Administrative Agency 30 days "from the date of the service of the decision of the agency." Rule 1:2-5. These examples serve to point the way to a legislative or rule making remedy for situations similar to the present case.
Upon the basis of the foregoing the complaint is dismissed and summary judgment will be entered for the defendants. *Page 518